## AMERADA PETROLEUM CORPORATION v. HESTER et al.

No. 29546. Oct. 15, 1940.

Rehearing Denied Feb. 4, 1941.

*109 P. 2d 820.*

Pierce & Rucker and Fred M. Mock, both of Oklahoma City, for petitioner.

Anton Koch, of Henryetta, and Mac Q. Williamson, Atty. Gen., for respondent.

DAVISON, J. This is an original proceeding in this court brought by Amerada Petroleum Corporation, hereinafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which approved and adopted an award made by a trial commissioner in favor of C. C. Hester, hereinafter referred to as respondent.

The essential facts necessary for consideration of this matter are not in dispute. On May 26, 1926, the respondent, while in the employ of the petitioner, sustained a compensable injury. Petitioner furnished necessary medical attention and paid compensation for the resulting temporary disability and settled under a Form 7 agreement which was approved by the State Industrial Commission in an order dated July 22, 1926. Thereafter, on August 24, 1939, respondent sought a determination of the extent of permanent partial disability which he had sustained as a result of his original injury and an award of compensation therefor. Hearing on this application was had before a trial commissioner, who found that the respondent had sustained a 30 per cent. partial loss of use of his arm as a result of his original injury and awarded respondent compensation in accordance with said finding. The petitioner, on October 7, 1939, filed with the State Industrial Commission a notice of appeal from the award of said trial commissioner to the commission sitting en banc, and on October 9, 1939, the commission, without notice to either petitioner or respondent, entered an order wherein it approved and adopted the award

which had theretofore been made by the trial commissioner.

As grounds for the vacation of said order and award petitioner urges four propositions, the first of which is that the failure of the State Industrial Commission to afford it a hearing on its appeal to said body denied it a right fixed by statute and precluded it from having an orderly hearing, and for this reason rendered the award invalid. This contention is decisive, and for this reason we find it unnecessary to discuss the other propositions advanced by the petitioner.

By subdivision 9, of section 2 of art. 2, chap. 72, S. L. 1939, section 13384, O. S. 1931, 85 Okla. St. Ann. § 77, was amended so as to provide:

"The commission shall adopt such rules as may be necessary to insure the following procedure; the evidence pertaining to all cases, except upon agreed orders, shall, insofar as may be possible, be heard by one and the same commissioner. Upon the completion of such hearing or hearings, the commissioner hearing said cause shall make such order, decision or award as he may deem just, advisable and equitable in the matter. Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days have the right to take an appeal from the order, decision or award of the trial commissioner to the entire commission. Such appeal shall be allowed as a matter of right to either party upon filing with the secretary of the commission notice of such appeal. Upon the filing of such appeal, the entire commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. In case less than the entire commission hears the appeal, only those members participating in the hearings shall participate in the making of the order, decision or award. Such appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the trial commissioner."

We are of the opinion that the purpose of such amendatory legislation was to enable the State Industrial Commission to handle compensation claims with greater dispatch and to afford the parties in those cases where they were dissatisfied with the order, decision, or award entered by a trial commissioner an opportunity to present their contentions to the entire commission, or a majority thereof, and to thus obtain the decision of the commission thereon and thereby possibly avoid the necessity of recourse to a proceeding in this court to obtain a review and a correction of any errors which might be apparent. That such appeal was not to be considered merely a formal matter and to be disposed of by order without hearing the contentions of the respective parties is manifest from a reading of the language employed in the act. It will be noted that the appeal so provided is declared to be one of right when notice thereof has been filed with the secretary of the State Industrial Commission, and that the act further provides:

"The entire commission, or a majority thereof, sitting as a body *shall hear such appeal*." (Emphasis ours.)

As said in the case of Pioneer Mills Co. v. Webster, 186 Okla. 616, 99 P. 2d 507:

"Orderly hearing is essential to an award, and notice thereof, or an opportunity to be heard, is jurisdictional. Section 13360, O. S. 1931, 85 Okla. St. Ann. § 26; City of Guthrie v. Standley, 151 Okla. 72, 1 P. 2d 678; Rucks-Brandt Const. Co. v. Price, 165 Okla. 178, 23 P. 2d 690; and failure in this respect constitutes denial of due process of law. Hauschildt v. Collins, 152 Okla. 193, 4 P. 2d 99."

And as said in Ex parte Morse, 141 Okla. 75, 284 P. 18:

"An 'opportunity to be heard,' as used in the Constitution and as there prescribed a condition precedent to imposition of punishment or a penalty, is synonymous with 'hearing.' 'Hearing,' as used, 'contemplates a listening to facts and evidence for the sake of adjudication.' Webster's New Int. Dictionary. 'Hearing' is defined as the examination of a prisoner and of the witnesses for accused. Bouvier Law Dict. vol.

2, pg. 1429; Cyc. Law. Dict. pg. 435; Black, Law Dict. 562; State v. Rogers, 31 N. M. 485, 247 P. 828."

In considering this case, however, we feel that we should make it clear that the hearing on appeal to the State Industrial Commission en banc does not contemplate, require, nor afford a trial de novo, and we so hold; such appeal contemplates a hearing on questions of law and facts or mixed questions of law and fact to "be determined on the record before the trial commissioner." The wording of the statute involved herein is so plain, clear, and unambiguous that we deem further comment on this phase of the case unnecessary.

Since the award here under review was made in the absence of both notice and a hearing, it follows that there was absent that orderly procedure essential to the entry of a valid award. Therefore, the award is without authority of law.

The award is vacated.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and GIBSON, JJ., concur.