OSBORNE v. STATE INDUSTRIAL COMMISSION et al.

No. 29808. April 8, 1941.

*112 P. 2d 384.*

D. S. MacDonald, Jr., of Durant, for petitioner.

W. R. Withington, of Oklahoma City, for respondents.

DAVISON, J. This is an original proceeding brought to review an order of the State Industrial Commission denying a further award on the application of the petitioner, L. E. Osborne, based on a change of physical condition for the worse.

On September 20, 1930, petitioner sustained an accidental injury to both feet and was paid awards for temporary total disability and permanent partial disability. The present application was filed August 23, 1939, and sought to obtain permanent total disability. A hear-

ing was had on the application to "reopen," and on February 27, 1940, the trial commissioner sustained the demurrer of the respondent to the evidence for the reason "that the evidence is insufficient upon which to grant the claimant the relief sought. . . ." On an appeal from this order to the commission sitting en banc, the order of the trial commissioner was affirmed and adopted as the order and judgment of the commission.

The first question presented is whether there is any competent evidence reasonably tending to support the order denying the award on the ground of a change in condition.

Petitioner takes the position that there having been evidence introduced by petitioner and his physician that there had been a change of his physical condition for the worse, and no evidence having been offered by the respondent, that it became incumbent upon the State Industrial Commission to believe the testimony of petitioner's witnesses and sustain the claim. The position is incorrect.

The petitioner was seeking to reopen his case upon an alleged change in condition, and, under the law, had the burden of proving that he had undergone a change in his physical condition since the last prior award, and that such change had lessened his ability to labor and perform work. Banning v. Peru-Laclede Syndicate, Inc., 179 Okla. 382, 65 P. 2d 976; Rose v. Champlin Refining Co. et al., 184 Okla. 203, 86 P. 2d 317.

It is clear in this case that the commission in sustaining respondent's demurrer to the evidence intended to, and did, say that the claimant had wholly failed in his proof to meet the required test to sustain the burden placed upon him by the presentation of evidence of a convincing character as to his change of physical condition.

This conclusion was within the province of the commission after weighing the evidence submitted, and such finding will not be disturbed.

Finally, complaint is made that the trial commissioner who presided at the hearing February 22, 1940, sat with two others to hear the proceeding on appeal. Petitioner admits he knows of no authority to support the claimed error. Neither do we. Since the statute, S. L. 1939, chap. 72, provides that on appeal three of the commissioners constitute a majority authorized to hear the appeal and this procedure was followed, we therefore disregard the claimed error as without merit.

Order sustained.

CORN, V. C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.