SWIFT & CO. et al. v. FORBUS et al.

No. 32842.   May 17, 1949.

Rehearing Denied June 21, 1949.

*207 P. 2d 251.*

[redacted]

[redacted]

Butler & Reinhart, of Oklahoma City, for petitioners.

Kirksey M. Nix and W. S. Horton, both of McAlester, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. In this case Swift & Company and Security Mutual Casualty Company, its insurance carrier, seek to vacate an order of the State Industrial Commission awarding compensation to respondent C. W. Forbus.

The trial commissioner found that on January 23, 1946, respondent while in the employ of Swift & Company received an accidental personal injury arising out of and in the course of his employment consisting of an injury to his left leg; that as a result of said injury he sustained a 40 per cent permanent partial disability to the leg and awarded compensation.

The award was sustained on appeal to the commission en banc.

Petitioners contend, among other things, that the finding of the commission that respondent's injury arose "out of" his employment is not supported by the evidence. It is, however, conceded that respondent sustained an injury and resulting disability as claimed and found by the commission and that the injury occurred in the "course of" his employment, but contend that it did not arise "out of" his employment.

The evidence on behalf of respondent as testified to by him shows that he was, at the time he sustained the injury, an employee of Swift & Company. He was required to go to work at ten minutes before 8 o'clock in the morning. On the morning of January 23, 1946, he appeared at the plant of petitioner, Swift & Company, entered the dressing room provided by the company for the purpose of changing his clothes prior to going to work. While in the act of changing his clothes the foreman of the company directed that the employees get ready to go to work. He immediately left the dressing room and proceeded to work and as he entered the door to the workroom, one Simms, a prior employee of the company but who had been temporarily laid off and was not then in its employ, in a spirit of fun started jabbing him in the ribs, took hold of him and started to scuffle. He remonstrated and stated that he was ordered to go to work by the foreman and had no time to play and pushed Mr. Simms away from the door in order that he might enter the workroom and proceed with his work. Simms, however, again caught hold of him and pulled him off the steps leading from the door to the workroom which caused him to trip over a brick and fall on the concrete floor of the workroom and injure his left leg.

The foreman of petitioner Swift & Company, in substance, testified he was present on the morning of the injury; that respondent's injury was caused by a scuffle between respondent and Mr. Simms, which scuffle was provoked by respondent and in which he voluntarily participated. Immediately prior to the injury the employees of the company had assembled in the dressing room and Mr. Simms was also

there. He directed the employees to get ready to go to work. Respondent immediately left the dressing room to go to the workroom and when he came toward the door Mr. Simms was standing there and respondent reached out and pushed him and started scuffling with him and that during the scuffle he fell to the floor and injured his leg.

Petitioners contend that the evidence conclusively established that respondent sustained his injury while engaged in a scuffle which he provoked and in which he actively participated and is wholly insufficient to establish that the injury arose out of the employment.

If the evidence had conclusively established such state of facts, this contention would be correct. Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92. We do not, however, agree that the evidence conclusively established such state of facts. The evidence as to such issue is in conflict. Respondent testified that Simms provoked the scuffle; that he only participated therein to the extent of freeing himself therefrom in order that he might enter the workroom and proceed with his work. The commission was authorized to, as it evidently did, accept and believe the evidence of respondent on this issue in preference to the evidence of the foreman of the company and concluded therefrom that respondent neither provoked nor actively nor voluntarily participated in the scuffle. There is sufficient competent evidence to sustain such conclusion and to support the finding that respondent's injury arose out of his employment.

In the case of Hamilton & Co. v. Bickel, 174 Okla. 32, 49 P. 2d 1065, we held:

"Where a workman was suddenly grabbed by a fellow employee who, in a spirit of fun, attempted to scuffle or throw him, and he was thrown and injured, and the efforts of the injured workman were directed entirely and exclusively to getting away from the fellow employee, the said injured workman participated in the prankishness, but did not actively participate therein.

"Where a workman is going about his duties and is injured by the prank of a fellow employee, in which prank the workman does not actively participate, the resulting injury nevertheless 'arises out of' the employment within the meaning of the Workmen's Compensation Act."

Petitioners contend that the rule there announced cannot be applied in the present case for the reason that Mr. Simms was not a fellow employee of respondent and that the rule does not apply where the injury occurs as the result of an innocent prank of a third party. In support of this contention they rely on the cases of Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647, and Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163. In each of these cases we held that under the facts there disclosed the workman's injury did not arise out of his employment.

In the Indian Territory Illuminating Oil Co. case, it appears that the employee was assaulted and shot in the leg by a third party. The assault occurred near midnight in the building of the employer and while the workman was engaged in the performance of his duties in making certain reports for the employer. The employee kept a bunk in the building where he slept at night. The motive of the assault was robbery of the workman. The bandit entered the building and searched the person of the workman at the point of a pistol. The entry into the building and the assault was not made for the purpose of obtaining or stealing any property of the employer but for the sole purpose of robbing the workman.

In the Stanolind case it appears that the workman was assaulted by three drunks who had been previously employees of the company but who had been later discharged. The motive of the assault was revenge. The parties making the assault believed and imagined that the workman had ac-

cused and reported them to the employer for stealing gasoline and that such accusation and report caused their discharge. Such belief and imagination was, however, unfounded.

In neither of these cases does it appear that the workman sustained his injury because of his employment, it did not result from risk reasonably incident to the employment. It did not result from any hazard to which the workman was exposed because of his employment but was due to a hazard to which he would have been equally exposed apart and separate from his employment. There was shown no causal connection between his employment and the injury. Under such state of facts it was held that the injury did not arise out of the employment. Compensation was not denied on the sole theory that the assault was made by a third party and not by an employee.

In the case of Stanolind Pipe Line Co. v. Davis, supra, we also held:

"An assault by a third party, who is neither the employer nor a fellow employee, may cause a compensable injury under the Workmen's Compensation Act if it occurs under circumstances otherwise reasonably connected with the employment. But if the connection with the employment is lacking, then the fact that the injured employee happened to be working at the time of the injury will not in itself support a finding that it arose 'out of' the employment."

In the case of United States Casualty Co. v. Hardie, 299 S. W. 871, the Civil Court of Appeals of Texas held:

"Where an employee of a produce company was injured while at his place of work while warding off a friendly attack but making no attack himself, held that his injury arose out of his employment, since he was doing what reasonably could have been expected of him as an incidental duty to his employment."

In that case it appears that while the workman was engaged in his work, a friend, not a fellow employee, appeared on the scene and in a spirit of fun took hold of the workman and attempted to throw him on the floor; that during the scuffle the workman was injured. The court held the injury arose out of the employment.

In the case of Knopp v. American Car & Foundry Co., 186 Ill. App. 605, it was held that the injury arose out of the employment where the injury occurred as a result of a prank of a bystander in which prank the injured employee had not actively participated. In the case of Markell v. Daniel Green Felt Shoe Co., 221 N. Y. 493, 116 N.E. 1060, it was held that an injury sustained by a workman arose out of the employment where a third party, not a fellow employee, put his arm around the shoulder of the workman while at work, drew the workman toward him causing him to pierce his eye with a lead pencil which was in the pocket of the bystander.

The evidence in the instant case is sufficient to show that respondent sustained his injury because of his employment; that it resulted from a hazard to which he was exposed because of his employment. There is shown causal connection between the employment and the injury. We conclude that the injury arose out of the employment.

Award sustained.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ., concur.