HAMMON v. OKLAHOMA GAS & ELECTRIC CO. et al.

No. 33346.   Oct. 11, 1949.

Rehearing Denied Jan. 17, 1950.

*213 P. 2d 556.*

Claud Briggs and Dennis Wright, both of Oklahoma City, for petitioner.

Alex Cheek and Jas. C. Cheek, of Cheek, Cheek & Cheek, all of Oklahoma City, for respondent and insurance carrier.

JOHNSON, J. This is an original proceeding for review of an order of the State Industrial Commission denying an award of compensation.

The parties will be referred to as petitioner and respondents.

The record discloses that there were numerous hearings had before a trial commissioner; the first on the 21st of April, 1946, and the last on January 16, 1947. The trial commissioner made a final order on the 24th of February, 1947, and, in substance, found and determined that the claimant sustained an accidental injury arising out of and in the course of petitioner's employment, consisting of an injury to his back and hip and became "overheated." There was no issue as to temporary disability, because petitioner during the healing period was paid full wages. The award made no finding as to permanent disability, but found that claimant suffered no decrease in wage-earning capacity as a result of said injury. This was the reason assigned by the trial commissioner for denying an award of "permanent partial disability." The petitioner, however, was not claiming specific partial permanent disability, but relied on proof that he was totally disabled from the performance of ordinary manual labor. Within the proper time after this order of the trial commissioner, an appeal review application was filed. The cause was set for hearing on the record from the trial commissioner before the commission en banc on May 9, 1947. Thereafter, on September 6, 1947, the commission en banc without notice to petitioner, or his attorneys, made the following finding:

"Now on this 6th day of September, 1947, the State Industrial Commission being regularly in session, the above entitled cause comes on for consideration by the Commission en banc, pursuant to appeal from the order of Commissioner Owen Townsend, entered herein on February 24, 1947, and the Commission being well and fully advised in the premises is of the opinion that the claimant herein should submit to medical examination."

Upon this finding of fact the commission en banc made the following order:

"It is therefore ordered, That within twenty days from the date of filing of this order, the claimant is hereby directed to submit to Drs. Wilkins and Herrmann, 521 Northwest 11th, Okla. City, Oklahoma, for medical examination and report especially relating to whether or not claimant has an intervertebral disc rupture; that claimant is also directed to report to Dr. W. K. Ishmael, 605 Northwest 10th Street, Oklahoma City for medical report and examination relating especially to whether or not his present condition is due to rheumatism or other causes; that such examinations shall be made at the expense of the respondent and insurance carrier, and said doctors shall file with this commission their reports in triplicate."

After the examination of the petitioner and the filing in the case of the reports of the doctors taken under the direction of the order of September 6, 1947, the court made the following order:

"Now on this 7th day of October, 1947, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to appeal from the order of Chairman Owen Townsend, Trial Comimsioner to the Commission en banc, as provided by Section 13384, O. S. 1931, as amended by Chapter 72, Article 2, Sec. 2,

Session Laws 1939, and said cause having been set for oral argument on May 9th, 1947, before Chairman Pitman, Commissioner Huddleston and Commissioner Lyons, sitting as the Commission en banc, and the Commission after a full review and consideration of the order made and entered in this cause by Chairman Owen Townsend on February 24, 1947, and after a review of the records on file in said cause and after presentation of said cause by oral argument finds:

"That finding of Fact No. 2 of said Order of Feb. 24th, 1947, should be corrected to read as follows:

" 'That claimant's average monthly wages were $170.00 making his rate of compensation 18.00 per week.'

"and that said order in all other respects to remain in full force and effect, and be the Order of the Commission en banc."

The petitioner contends that there are two propositions on which the State Industrial Commission should be reversed. First, because the order of the commission en banc was not made and based upon the record as made before the trial commissioner. Second, that the order as made is contrary to the evidence.

As to the petitioner's first proposition we agree. Under the plain mandatory provisions of 85 O. S. A. §77, appeals to the commission en banc shall be allowed on a question of law or a question of fact, or mixed question of law and fact, and shall be determined on the record made before the trial commissioner, and that a hearing on such appeal to the State Industrial Commission en banc does not contemplate, require, nor afford a trial de novo; such appeal contemplates a hearing on questions of law and fact, or mixed questions of law and fact, to be determined on the record made before the trial commissioner, and the commission en banc has no authority to order the submission of evidence in a cause before it on appeal from such trial commissioner. 85 O. S. A. §77, supra; Amerada Petroleum Corporation v.

Hester, 188 Okla. 394, 109 P. 2d 820; Consumers Co-operative Ass'n et al. v. Titus, 201 Okla. 370, 205 P. 2d 1161.

The respondents argue that when the petitioner submitted himself for a physical examination in compliance with the order of the commission en banc that such action constituted a waiver. This contention is untenable. No affirmative act appears in the record on the part of claimant, or his attorneys, that would constitute a waiver, unless it can be said obeying the order of the commission en banc without objection constitutes a waiver.

The order of the commission en banc directing the petitioner to submit to an examination by specified doctors was made at a time when neither the petitioner nor his attorneys were present, nor were they given notice of such intended action, and compliance with the order merely showed good faith on petitioner's part and did not constitute a waiver or consent.

By reason of the foregoing conclusion, we deem it unnecessary to discuss petitioner's second proposition as to the weight of the evidence.

The order is reversed and the cause remanded for further hearing before a trial commissioner.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, and O'NEAL, JJ., concur. GIBSON and HALLEY, JJ., dissent.