WILLIAMS et al. v. RIPPEE et al.

No. 35673.   March 17, 1953.

*254 P. 2d 993.*

Felix Duvall and James A. McNeese, Ponca City, for petitioners.

Looney, Watts, Ross, Looney & Smith and Claud Briggs, Oklahoma City, Leonard Geb and George Moriarty, Ponca City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.   This is a proceeding by Orsina W. Williams and his insurance

carrier, Central Surety & Insurance Corporation, to review an award of the State Industrial Commission awarding compensation to respondent Troy Rippee.

Troy Rippee and Leonard Hand, partners, and their insurance carrier, Tri-State Insurance Company, are also named as parties respondent in the petition.

Respondent Troy Rippee filed three separate claims for compensation, one in which he stated his employer was Orsina W. Williams, and another in which he stated his employer was Troy Rippee and Leonard Hand, partners, and another in which he stated he was employed by both. In each of these claims he states that on the 19th day of November, 1951, he suffered an accidental personal injury arising out of and in the course of his employment consisting of a coronary occlusion and a severe injury to his chest and as a result thereof he is premanently disabled; that the injury occurred while he was engaged in loading a steel chute on a truck.

The case was assigned to a trial commissioner for hearing who, at the conclusion of the evidence, in substance, found: Respondent Troy Rippee, on November 19, 1951, while engaged in the employ of petitioner Williams, sustained an accidental personal injury arising out of and in the course of his employment while engaged in lifting a chute resulting in an injury to his chest in the nature of a ruptured blood vessel. At the time of his injury respondent's wages were sufficient to fix his rate of compensation at $25 per week; that respondent was then temporarily totally disabled and entitled to compensation for temporary total disability at the rate of $25 per week, and upon such finding entered an order requiring petitioners to pay respondent compensation at the rate of $25 per week until further order of the commission, not to exceed 300 weeks, and discharged respondents Rippee and Hand, partners, and Tri-State Insurance Company.

Petitioners bring the case here to review this award and rely for its vacation solely upon the ground that there is a total lack of evidence tending to sustain the finding that the injury sustained by respondent Rippee arose out of and in the course of his employment with petitioner Williams.

The evidence is undisputed and consists of testimony of respondent Troy Rippee and a report filed by the examining physician of respondent as to the cause, nature and extent of his injury.

Respondent Rippee testified that petitioner Williams is engaged in the business of a general contractor and that he and his partner Leonard Hand were engaged in the cement and cement finishing business; they frequently did cement finishing work under contract with others. Mr. Williams was the owner of several steel chutes. He (Rippee) and his partner frequently borrowed one of these chutes in connection with work they had contracted to do for others. A few days prior to the 19th day of November, 1951, the date on which he sustained his injury, he borrowed one of these chutes from Mr. Williams. The chute was located some distance from where he resided. On November 18th, the day before he sustained his injury, Mr. Williams called him over the phone and engaged him to work for him the next day. He was to report for work at 8 o'clock in the morning. A few minutes before 8 o'clock in the morning he started to work in a pickup truck owned by the partnership. When he arrived at the place where the chute was located he started to load it on the truck and while so doing he suffered a strain which caused severe pains in his chest. He rested a few minutes and then succeeded in loading the chute on the truck and conveyed it to the place where he intended to go to work. When he arrived he completely collapsed and was taken to a hospital by one of the other employees of Williams. He further testified that Mr. Williams did not direct him to return the borrowed chute; that he returned it because he had borrowed it and because he felt it was his

duty to do so, and because he thought Mr. Williams might want to use the chute in connection with the work he was then doing. This, in substance constitutes the evidence upon which the trial commissioner based his findings and award.

We agree with the contention of petitioners that there is a total lack of evidence tending to show that the injury sustained by respondent arose out of and in the course of his employment with Williams. An injury is received in the course of employment within the meaning of the Workmen's Compensation Act when it is incurred while the workman is performing ·the duties which he is employed to perform. It arises out of his employment when it results from a risk reasonably incident to the employment. Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844; Swift & Co. v. Forbus, 201 Okla. 516, 207 P. 2d 251. Respondent Rippee was performing no work for Mr. Williams while engaged in loading the borrowed chute. He was at that time performing work for and in his own behalf or in behalf of the partnership. His injury did not result from any risk reasonably incident to his employment with petitioner Williams. It did not therefore arise out of and in the course of his employment.

Award vacated as to petitioners, with directions to dismiss the claim as to them.

HALLEY, C.J., and DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. CORN, J., dissents.