**SHELL OIL COMPANY, a corporation,
own risk, Petitioner,**

v.

**STATE INDUSTRIAL COMMISSION and
Edgar R. Wright, Respondents.**

No. 36480.

Supreme Court of Oklahoma.

Jan. 7, 1955.

Rehearing Denied Feb. 1, 1955.

Jesse M. Davis, Gordon Watts, Tulsa, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On September 30, 1953, Edgar R. Wright, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on May 8, 1953, he sustained an accidental injury arising out of and in the course of his employment with petitioner, Shell Oil Company, when he fell from the steps of an oil tank. He stated that the accident occurred at 3 o'clock A.M. May 8, 1953, on the McKenzie Lease in the Elk City oil field.

An award was entered by the State Industrial Commission affirming an award of the trial commissioner finding that by reason of the accidental injury and the disability resulting therefrom claimant sustained temporary total disability. This proceeding is brought to review this award.

In its first two propositions petitioner argues that the evidence is wholly insufficient to sustain the finding that by reason of the accidental injury sustained during his employment with petitioner claimant is temporarily totally disabled. Petitioner states the burden was on claimant to show by a preponderance of the evidence, among other things, the existence of employer and employee relationship, the time, place and nature of the alleged accident, and that it arose out of and in the course of the employment. In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, we said:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

Claimant was employed as a switcher which is a term used to indicate the necessity of adjusting tanks so that oil will flow therefrom into the line when necessary to dispose of the accumulated oil. In this connection it is necessary to check the tanks to determine whether they should be emptied and if so to empty them.

Claimant testified as follows:

"Q. Did you sustain an injury while you were working for the Shell? A. Yes, when I got out there, when I fell off the steps I did.

"Q. Tell the Court about that? A. Well, I went up on a tank to switch a tank and I was coming back down and I missed a step about five foot up and fell and hurt my back."

This testimony with that of other witnesses and employees tends reasonably to show that from midnight of March 7, 1953, until 8 o'clock A.M. on the 8th, or the following day, claimant was supposed to be, and until 6:30 A.M. of the 8th was, on the leases owned by petitioner for the purpose of checking and switching the tanks and that he sustained an accidental injury during this work.

In connection with the above propositions argued it is strenuously urged that there is no testimony of competent medical expert witnesses that by reason of an accidental injury claimant is disabled. Claimant was taken from the lease of petitioner by an employee some time between 6:30 and 8 o'clock on the morning of March 8, 1953. He remained at home until 5 o'clock P.M. of said date and was taken by an employee to a hospital in Elk City, Oklahoma, where he was examined and treated by Dr. B. He was subsequently examined and treated by Dr. M. We have carefully reviewed the testimony of these two physicians and it tends reasonably to support the finding of the State Industrial Commission that by reason of the accidental injury claimant is temporarily totally disabled. Dr. B. testified that claimant is temporarily totally disabled. Dr. B. testified that

818

claimant had a diseased condition of the spine but that the immediate cause of his present disability was the fall from the tank described by claimant. The testimony and report of Dr. M. also supports this finding. We are of the opinion and hold there is competent evidence reasonably tending to support the claim that by reason of the accidental injury claimant is temporarily totally disabled.

In a third proposition it is argued that the State Industrial Commission erred as a matter of law in failing to find specifically whether or not the accidental injury if it did happen was caused by reason of intoxication of claimant. 85 O.S. 1951 § 11 makes intoxication which is a direct cause of an accidental injury an affirmative defense. It is the position of petitioner that when this issue is raised as it was raised in the case under consideration it is the duty of the State Industrial Commission to make a specific finding thereon. Petitioner cites in support of this argument Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, and the cases following this doctrine ending with Fischbach & Moore of Texas, Inc., v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422. We do not believe the rule announced in these cases requires a specific finding by the State Industrial Commission on the question of intoxication when it is presented on a contested question of fact. There is evidence introduced which, if believed, would support a finding that claimant was intoxicated. There is evidence which, if believed, supports the finding that claimant was not intoxicated. The State Industrial Commission had a right to resolve this finding of fact and it did so. The fact that it did not specifically negative intoxication of claimant in its award does not so vitally affect the award that it must be remanded within the rule of the above cases.

In a final proposition petitioner argues that there was a failure and refusal of Industrial Commission to review the transcript of the record as made by petitioner before the trial commissioner and that its refusal to allow a reasonable length of time for oral argument on the alleged hearing constitutes a denial of an orderly hearing and a failure to perform the statutory duties

imposed upon the Commission and that this constitutes denial of due process to the petitioner.

Cited in support of this proposition are: Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820; 85 O.S. 1951 § 77; C. K. Howard Co. v. McKay, 188 Okl. 623, 112 P.2d 169, and other cases. Petitioner seriously contends that it was allowed only fifteen minutes in which to review a record which when submitted to this court constitutes 201 pages; that it was impossible during such short time to present the varied issues presented in this case due to the closely contested question of fact as to whether or not claimant sustained an accidental injury while on the lease and whether or not if he did sustain such accidental injury it was while he was intoxicated.

■ Petitioner cites a number of cases dealing with the right to present argument in courts of ordinary jurisdiction. Since we have no statutory requirement that directs and imposes upon the Industrial Commission the duty of allowing oral argument we are of the opinion that these cases are not in point. We cannot say as a matter of law that by denying petitioner a longer period for oral argument there was a failure to grant a full and complete hearing within the meaning of the cases cited by petitioner.

■ Petitioner also points out that there was no opportunity of the State Industrial Commission to review the record after the date the award of the trial commissioner was entered and prior to the final award entered by the Commission en banc. It states there was no opportunity to review the transcript after the order of January 7, 1954, made by the trial commissioner and before the final order of the State Industrial Commission affirming this award for the reason the transcript was not prepared in time. The record discloses that the final action of the State Industrial Commission was an order dismissing petition for rehearing entered May 17, 1954, reciting the date of the order and stating that it was orally argued April 20, 1954, and that the final order of the Commission en banc was filed April 21, 1954. In the brief it is stated that it is clear the transcript in the case was filed

with the Commission April 20, 1954. This appears nowhere in the record except in an affidavit found in the record made by the attorney for petitioner. Assuming this statement to be true we are still unable to hold as a matter of law that this constitutes a denial of due process. It must be assumed that the State Industrial Commission fully examined the record and evidence necessary for a determination of the issues prior to the final order.

Finding no error in the record requiring that the award be vacated the same is sustained.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.