THOMPSON BUILDING COMPANY and
American Casualty Company,
Petitioners,

v.

Elgie MIDGETTE and the State Industrial
Commission, Respondents.

No. 37182.

Supreme Court of Oklahoma.

March 12, 1957.

Covington & Donovan, Tulsa, for petitioners.

Primus C. Wade, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On the 4th day of March, 1955 Elgie Midgette, respondent herein, filed a claim for compensation against his employer, Thompson Building Company and its insurance carrier, American Casualty Company, petitioners herein, in which he states that on February 20, 1955, while in the employ of the building company he sustained an accidental injury consisting of a broken arm resulting in some permanent partial disability to the arm.

The injury was caused by an unprovoked attack and assault committed upon him by a fellow employee.

Petitioners defended on the theory that the injury alleged to have been sustained by respondent did not arise out of and in the course of his employment. The trial commissioner found that on February 20, 1955 respondent, while engaged in the course of his employment, sustained an accidental injury consisting of a broken left arm; that the injury occurred when a fellow employee attacked him and broke his arm, the fellow employee being the aggressor in the altercation; that as a result of said injury respondent was temporarily totally disabled from the date of injury up to and including April 22, 1955, when said disability terminated, and he is, therefore, entitled to temporary total disability compensation in the sum of $224, payable at

the rate of $28 per week for 8 weeks; and further found by reason of said injury respondent sustained 30 per cent permanent partial disability to his left arm for which he is entitled to compensation in the sum of $2,100 being 75 weeks at $28 per week, and upon such findings entered an award in favor of respondent accordingly, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award. They do not contend that respondent did not sustain an accidental injury and disability as found by the Commission. Their sole contention is that the evidence is insufficient to sustain the finding of the Commission that the injury sustained by respondent arose out of and in the course of his employment.

Bearing on this question respondent testified that he was employed by Thompson Building Company on February 20, 1955, the day upon which he sustained his injury. He came to work on that day about 10:00 p. m. He was employed as a janitor. Immediately upon reporting for work he went to the locker room to change his clothes. He had changed his shirt and trousers when a fellow employee, Oscar Ladd, entered the locker room and entered into a conversation with him. He testified that Ladd stated that some of the "guys" had a pick on him and that he (Ladd) would like to get it settled. Respondent replied, "Who has it in for you, and why?" About that time he (respondent) started to change his shoes and as he reached down to tie his laces Ladd attacked him with a pipe, and as he threw his arms up to protect himself his left arm was broken. Prior to that time he and Ladd had no particular difficulty. It did not appear, however, that Ladd liked him and that he did not particularly care for Ladd, but they had no previous difficulty; neither had said anything out of the way to the other and neither had at any time threatened the other.

Ladd testified that as he entered the dressing room that night Midgette was changing his clothes. He sat down on a chair across from the bench where Midgette was sitting. He entered into a discussion with Midgette that gradually grew more heated. He testified that Midgette had previously been employed by the building company; that his employment had been terminated; that Midgette accused him of having been the cause of his dismissal. Midgette then got up from his bench, closed the door, then returned to the bench and sat down again. At this time he, Ladd, was sitting in a chair across from Midgette; that Midgette then bent over to reach for something near the floor (the evidence shows that he was bending over to tie the laces of his shoes) that he felt Midgette was reaching for a weapon to strike him so he made a move and Midgette made a move and he "sort of went for him". Both moved at each other about the same time, and that he knocked Midgette against the hall and pushed him into a cramp. He hurt his arm in the scuffle and that Midgette's arm was also hurt and started to bleed. When this occurred both men stopped fighting.

■■ Midgette denied that he had ever accused Ladd of having him fired from his job, as testified to by Ladd. While the evidence is in conflict as to who was the aggressor in the attack, we think it is sufficient to justify the finding of the Commission that the assault was provoked by Ladd and that he was the aggressor and, therefore, sufficient to sustain the finding of the Commission that the injury sustained by respondent constituted an accidental injury and arose out of and in the course of his employment.

In Nelson Electric Manufacturing Co. v. Cartwright, Okl., 277 P.2d 163, 164, we held:

"Where an employee engaged in a hazardous employment and performing work he was employed to do, sustains an injury resulting from an assault upon him by a fellow employee, which assault was provoked by the fellow employee, and in which the latter was the aggressor, said injury constitutes an 'accidental injury' arising out of and in the course of his employment."

See also, Toklan Production Co., v. Toops, Okl., 301 P.2d 646; Town of Granite v. Kidwell, Okl., 263 P.2d 184; Swift & Co. v. Forbus, 201 Okl. 516, 207 P.2d 251; Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240.

We have examined the authorities cited and relied upon by petitioners. We do not think them applicable here because of the difference in the facts. The evidence shows that respondent sustained his injury while performing duties required of him by his employment. The injury sustained by him resulted from a risk reasonably incident to his employment and therefore arose out of and in the course of his employment. Williams v. Rippee, 208 Okl. 206, 254 P.2d 993.

Award sustained.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.