**Oleva Faye FORD, Petitioner,**

**v.**

**JOHNSTON TESTERS, INC., Aetna Casualty & Surety Co., and the State Industrial Court, Respondents.**

**No. 40012.**

Supreme Court of Oklahoma.

Nov. 20, 1962.

Marx Childers, Harkey & Childers, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Oleva Faye Ford, hereinafter called claimant, widow of Haskell Milton Ford, hereinafter called employee, filed her first notice of injury and claim for compensation under the death benefit provisions of the Workmen's Compensation Act, 85 O.S. 1961 § 22, subd. 7, seeking an award against Johnston Testers, Inc., employer, and its insurance carrier, Aetna Casualty and Surety Company, hereinafter referred to as respondents, for the death of the employee. An award was denied and this proceeding is brought by the claimant to review the order denying the award.

The employee was killed during the night of July 31, 1955, when a truck he was driving overturned on the highway outside the city limits of Pauls Valley, Oklahoma. The contested question of fact was whether the accidental injury resulting in death arose out of and in the course of the employment. A hearing was first held October 17, 1955, at which time several witnesses testified for claimant. A second hearing was held October 19, 1956. The case was then continued indefinitely and finally set for October 3, 1960. At this hearing claimant introduced the deposition of one witness. The following then transpired:

"THE COURT: Let the record show that the deposition is admitted into evidence, October 3, 1960. Case submitted, is that right?

"MR. WEST (attorney for *respondents*): No, sir, we have some more depositions to be introduced and we would like to reset it in approximately one month.

"THE COURT: All right, if the case isn't submitted in one month I am going to write an order."

Claimant made no objection to this announcement by the judge.

No further action was taken so far as the record shows until March 7, 1961, when the following order was entered:

"NOW, on this 7th day of March, 1961, this cause comes on for consideration before Judge Hubert Hargrave; at which time claimant appeared in person and by her attorney, Robert Woodard and respondent and its insurance carrier appeared by their attorney, H. W. Nichols, and the Trial Judge, after being fully advised finds:

"That the death of Haskell Melton Ford did not arise out of and in the course of his employment with said respondent, therefore, claimant's claim for compensation is hereby denied.

"IT IS THEREFORE ORDERED THAT claimant's claim be and the same is hereby denied."

On appeal, claimant argues only that "The State Industrial Court is without authority of law to submit a case without consent of the parties and is without authority of law to enter an Order without notice to the parties and without a full and complete hearing having been allowed all parties to the action".

Upon the record before us, this argument cannot be sustained. The hearing of October 3, 1960, was had after due notice, and both parties appeared. At the conclusion of that hearing, the trial judge announced in open court in effect that the case would be continued for 30 days and that at the end of that time it would be submitted for final order. No objection to this announcement was made by either party. The judge waited much longer than 30 days and until March 7, 1961, before entering the final order.

Thereafter, claimant appealed to the State Industrial Court en banc. Although her assignments of error included allegations that she had been denied a full and complete hearing, and that she desired to present further evidence, there is nothing at all in the record to indicate the nature of such evidence, or whether it was competent and relevant. We are therefore unable to determine that she has been prejudiced in that connection, or that the order of the Court en banc sustaining the trial judge is erroneous. In Wadley v. American Window Glass Company, Okl., 341 P.2d 564, we held:

"Where a party in a proceeding before the State Industrial Commission contends that an order was· entered without his having been afforded the full opportunity to present his case, he must by appropriate pleading advise the Industrial Commission that he has additional evidence to present and the nature of same; failing which this court will not consider the question of

whether the alleged premature entry of the order was an abuse of discretion."

█ The rule in the Wadley case is a rule of necessity. Arguments and contentions made in oral argument to the Industrial Court en banc are rarely, if ever, reduced to writing and made a part of the record for the consideration of this court. Therefore if an appellant to the Court en banc contemplates a review by this court it is incumbent upon him to detail the facts and arguments in his assignments of error to the Court en banc, and proceed as suggested in Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, for otherwise there is nothing for us to review. We can not presume error on the part of the Industrial Court. Peden v. American Iron and Machinery Co., Okl., 293 P.2d 585.

Claimant cites McMinn v. State Industrial Court et al., Okl., 366 P.2d 954; Amerada Petroleum Corp. v. Hester, et al., 188 Okl. 394, 109 P.2d 820; Pioneer Mills Co. et al. v. Webster et al., 186 Okl. 616, 99 P.2d 507; and Hauschildt et al. v. Collins et al., 152 Okl. 193, 4 P.2d 99. However, these cases are all distinguishable upon the facts and are therefore not in point. In Hauschildt v. Collins, supra, before the first hearing was concluded the parties agreed to take depositions. Without awaiting the taking of depositions and without notice to any party the State Industrial Commission entered an award. This court held the award was entered without due process. In Pioneer Mills Co. v. Webster, supra, this court had vacated an award in favor of Webster. When the cause was remanded to the State Industrial Commission it entered an award without notice to the employer. In Amerada Petroleum Corporation v. Hester, supra, there was an appeal from the trial commissioner to the Commission en banc. The Commission en banc entered an award without notice to either party. This court held that the award was improperly entered. In McMinn v. State Industrial Court, supra, the Industrial Court entered

an order denying an award because the claimant failed to cooperate in medical examination. This court held that the order was improperly entered.

■ In the case now before us, the record conclusively shows that claimant did not "by appropriate pleading advise the Industrial Commission that he has additional evidence to present *and the nature of same*". We therefore are unable to say that the order of the Court en banc, affirming the order of the trial judge and in effect refusing claimant permission to present additional evidence, was an abuse of discretion. Neither will we *presume* that the order was erroneous.

The order denying the award is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.