**KWIKSET/EMHART and Aetna Casualty & Surety Company, Petitioners,**

v.

**Patricia MAYBERRY, Respondent [Claimant].**

**No. 70147.**

Supreme Court of Oklahoma.

Oct. 23, 1990.

John N. MacKenzie, Whitten, Davies and Layman, Tulsa, for petitioners.

Mark O. Thurston, Tulsa, for respondent.

OPALA, Vice Chief Justice.

The dispositive issue on certiorari is whether a Workers' Compensation Court review panel *may modify* the trial judge's *fact finding* that limits claimant's on-the-job injury in contest to her left hand and arm *by adding another compensable injury*—that to her right shoulder—based solely on medical reports and *without the aid of a transcript* of the hearing held before the trial judge. We answer this question in the negative.

The trial judge found that the claimant had sustained a work-related injury to her left hand and arm but denied compensation for a claimed injury to her right shoulder. The claimant appealed to a three-judge panel of the Workers' Compensation Court. That tribunal modified the trial judge's finding by *adding* to claimant's work-related harm an injury to her right shoulder. The Court of Appeals sustained the panel's order modifying the trial judge's findings and held that the panel's decision must be left undisturbed because the record tendered by employer for review (which did not include a transcript) fails to overcome the presumption of correctness that is due the panel's decision. We granted certiorari upon the employer's petition.

In her brief the claimant admits that "[n]either party requested a transcript and the only record before the ... [review panel below consisted of] the doctor's reports which had been admitted into evidence."[1] The record here is entirely consistent with claimant's concession.[2] This controversy

---

1. *Admissions* in an appellate brief may *supplement* the appellate record. *Reeves v. Agee,* Okl., 769 P.2d 745, 754 (1989); *Womack v. City of Oklahoma City,* Okl., 726 P.2d 1178, 1181 n. 8 (1986).

2. The "Order On Appeal" made by the three-judge panel recites in pertinent part:
 "[a]fter reviewing *the record in this case,* and being fully informed in the premises, said Judges find that parts of said order were against the clear weight of the evidence and hence the order of the Trial Judge heretofore entered ... is hereby MODIFIED AND AF-

FIRMED AS FOLLOWS...." (Emphasis added.)
In the days before the comprehensive 1977 amendments to the Workers' Compensation Act became effective, this court would *presume, in the absence of proof to the contrary,* that a review panel did have before it a transcript of the evidentiary proceedings at the time it affirmed, modified or vacated the trial judge's order. See *Shell Oil Company v. State Industrial Commission,* Okl., 279 P.2d 316, 318–319 (1955); *Wise-Buchanan Coal Co. v. Risco,* 150 Okl. 190, 1 P.2d 411, 414 (1931).

centers not on deficiencies in the record, but rather, on the propriety of the panel's decision to modify the trial judge's fact finding upon a record devoid of a transcript. We hold there was *no* proof before the panel to justify the addition of an accidental injury to another part of the claimant's body.

 Appeals to a three-judge panel of the Workers' Compensation Court are *not de novo* proceedings.[3] They must be determined *on the record made before the trial judge.*[4] Without the benefit of a transcript the panel can neither assess the correctness of any claim-related facts nor condemn a trial judge's finding on the grounds that it is clearly contrary to the evidence adduced.[5] Although a physician's evaluation may include the claimant's history, the competency of his opinion depends largely on the assumption of critical facts consist-

ent with those unfolded by lay evidence connecting the claimed injury with the accident for which compensation is sought.[6] Without this underlying lay testimony, history found in a medical report may not alone afford evidentiary support for establishing a claimant's injury as work-related.

 For affirmance of the panel's decision in question the record *must* disclose *competent evidence* that supports a work-related injury to the right shoulder.[7] *The panel's finding, which was made solely upon consideration of medical history in a physician's report, stands without any basis in testimony connecting the shoulder injury to the on-the-job harm in contest.*[8] This court's past jurisprudence recognizes that due process is denied when a reviewing tribunal alters a trial judge's findings without support in a transcript of the proceedings heard by that judge.[9] In

---

3. See 85 O.S.Supp.1986 § 3.6(A), *infra;* Rule 28(A), Workers' Compensation Court Rules, 85 O.S.Supp.1987, Ch. 4, App., *infra.*
The pertinent terms of 85 O.S.Supp.1986 § 3.6(A) provide:
" * * * Appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and *shall be determined on the record made before the Judge.* * * * " (Emphasis added.)
The pertinent terms of Rule 28(A), Workers' Compensation Court Rules, 85 O.S.Supp.1987, Ch. 4, App., are:
" * * *
"No response to a request for review is necessary. *Appeals to the three judge panel shall be strictly on the record made before the trial court.* No new evidence shall be allowed. * * * " (Emphasis added.)

4. *Hammon v. Oklahoma Gas & Electric Co.,* 202 Okl. 332, 213 P.2d 556, 557 (1950) (the court's syllabus ¶ 1); *Amerada Petroleum Corporation v. Hester,* 188 Okl. 394, 109 P.2d 820 (1941) (the court's syllabus ¶ 3).

5. See 85 O.S.Supp.1986 § 3.6(A), *infra* note 12; *Parks v. Norman Municipal Hospital,* Okl., 684 P.2d 548, 552 (1984) (the panel's reexamination of the trial judge's fact findings must be made by application of the clear-weight-of-the-evidence standard).

6. *Western Good Roads Service Co. v. Coombes,* 185 Okl. 599, 95 P.2d 633, 634–635 (1939). See also *Sutton & Sutton v. Courtney,* 203 Okl. 590, 224 P.2d 605, 607 (1950) (although medical evidence conflicted on whether, after two successive accidents, the disability resulted from a recurrence of the original injury or from an

independent intervening cause, the physicians had based their opinions on the *claimant's account of the facts surrounding both injurious events* as well as on their personal examinations).

7. See *Flint Construction Company v. Woods,* Okl., 425 P.2d 995, 997–998 (1967) (the question whether an injury had occurred in the course of employment is one of fact to be determined by competent testimonial evidence); *Anderson v. Allis–Chalmers Manufacturing Company,* Okl., 387 P.2d 479, 480–481 (1963) (the factual issue whether an employee's death was work-related is to be determined by the trial tribunal from competent testimonial proof adduced at the hearing); *Lone Star Steel Co. v. State Industrial Commission,* Okl., 271 P.2d 327, 328 (1954) (claimant's own statements provided the primary source of evidence supporting the finding of an accidental injury); *Williams v. Rippee,* 208 Okl. 206, 254 P.2d 993, 994–995 (1953) (the award cannot stand where the evidence is wholly insufficient to show that an on-the-job injury had occurred); *Oklahoma Leader Co. v. Wells,* 147 Okl. 294, 296 P. 751, 752–753 (1931) (claimant's testimony failed to establish an accidental, job-related injury).

8. Cf. *Consumers Co-op. Ass'n v. Titus,* 201 Okl. 344, 205 P.2d 1162 (1949) (the court's syllabus ¶ 3) (the medical proof of disability from two specific member injuries provides no evidence to sustain an award for disability to the whole body).

9. See *Shell Oil Company v. State Industrial Commission, supra* note 2 at 319; *Williams v. Rippee,*

short, a panel's modification of the trial judge's factual findings must be anchored in its reappraisal of the testimonial evidence and other pertinent proof considered by that judge.

The review panel's need for a transcript has not always been essential. Under the terms of 85 O.S.1971 § 77(Ninth),[10] now *repealed,* a trial judge could sit on the panel and serve as a resource to the en banc tribunal for supplying the evidence he or she considered when hearing the claim.[11] Now, since the 1977 amendment that became effective in 1978, *no* judge who presided over any hearing of the claim may participate as a member of a review panel.[12] The transcript of testimony is thus the only source of proof available to the panel for a meaningful review of factual issues sought to be pressed on appeal.[13]

■ In sum, this case reveals the panel *supplied* a finding that added a right shoulder injury without any support in record proof. Insofar as it expands the trial judge's description of the claimant's compensable injury without the benefit either of a transcript or of any other form of lay evidence heard by the trial judge, the panel's order is both unauthorized by statutory law and in contravention of due process. Art. 2 § 7, Okl.Const.[14] The minimum standards of due process require that a trial judge's findings which resolve disputed fact issues be left undisturbed unless the reviewing tribunal discovers—*from the transcript of the proceedings conducted before the trial judge*—that these findings are "against the clear weight of the evidence."[15]

The claim is hence remanded to the three-judge review panel with directions to reconsider the claimant's appeal and to afford her the opportunity to designate that part of the record which is necessary to support her quest for relief before the panel. On her failure timely to secure a transcript of evidence, the review panel shall confine its appellate reexamination process and corrective relief to errors apparent on the face of the proceedings as reflected by the orders and paperwork found in the case file.

*supra* note 7, 254 P.2d at 994–995. The federal Supreme Court also has condemned judicial process that has no basis in proof. See *Thompson v. City of Louisville,* 362 U.S. 199, 204, 80 S.Ct. 624, 628, 4 L.Ed.2d 654 (1960); *Douglas v. Buder,* 412 U.S. 430, 432, 93 S.Ct. 2199, 2200, 37 L.Ed.2d 52 (1973).

10. The pertinent terms of 85 O.S.1971 § 77(Ninth) provided:
"* * * Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days have the right to take an appeal from the order, decision or award of the trial Commissioner to the entire Commission. Such appeal shall be allowed as a matter of right to either party upon filing with the Secretary of the Commission notice of such appeal. Upon the filing of such appeal, *the entire Commission, or a majority thereof, sitting as a body shall hear such appeal,* and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. *In case less than the entire Commission hears the appeal, only those members participating in the hearing* shall participate in the making of the order, decision or award. * * *" (Emphasis added.)

11. See *Special Indemnity Fund v. Taylor,* 199 Okl. 571, 188 P.2d 866, 867 (1948) (award was not deemed invalid merely because the trial judge participated in the intra-court review process without being a member of the panel); *Osborne v. State Industrial Commission,* 188 Okl. 616, 112 P.2d 384, 385 (1941) (it was not error for the trial commissioner to sit as a member of the Workers' Compensation Court's panel which reviewed the claim he had heard).

12. See 85 O.S.Supp.1986 § 3.6(A), whose pertinent terms are:
"* * * Such Court en banc shall consist of three (3) Judges of the Court, *none of whom shall have presided over any of the previous hearings on the claim.* The Court en banc may reverse or modify the decision *only if it determines that such decision was against the clear weight of the evidence or contrary to law.* * * *" (Emphasis added.)

13. See *Oklahoma Co., Inc. v. State Industrial Commission,* 148 Okl. 215, 298 P. 296 (1931) (the court's syllabus ¶ 3) (an award must be supported by evidence in the record as shown by the transcript).

14. The terms of Art. 2, § 7, Okl.Const., are:
"No person shall be deprived of life, liberty, or property, without due process of law."
See also in this connection *Shell Oil Company v. State Industrial Commission, supra* note 2 at 318–319.

15. See 85 O.S.Supp.1986 § 3.6(A), *supra* note 12.

THE COURT OF APPEALS' OPINION AND THE ORDER OF THE WORKERS' COMPENSATION COURT'S REVIEW PANEL ARE VACATED; THE CLAIM IS REMANDED TO THE REVIEW PANEL FOR RECONSIDERATION WITH DIRECTIONS.

HARGRAVE, C.J., and HODGES, LAVENDER and SIMMS, JJ., concur.

KAUGER, J., concurs in part and dissents in part.

DOOLIN, ALMA WILSON and SUMMERS, JJ., dissent.

SUMMERS, Justice, dissenting.

The issue is whether an Order of a three judge panel of the Workers' Compensation Court modifying a trial judge's earlier Order may be sustained in the absence of a Designation of Record accompanying the initial appeal from the trial judge to the three judge panel. My conclusion is that the appealing parties have failed to show that such an instrument was essential to the validity of the three judge panel's Order. The panel's Order favoring claimant in this case should be sustained.

The trial judge found that Patricia Mayberry sustained a compensable injury to her left arm and left hand. She appealed to a three judge panel, which affirmed the earlier order in part but also modified it in finding that Mayberry had additionally sustained a compensable injury to her right shoulder. The employer and insurance carrier then appealed the Order of the three judge panel.

On their appeal the only argument made by the employer and insurance carrier was that no Designation of Record had been filed by the claimant with her appeal to the three judge panel, and that because of this deficiency the panel had no record before it on which to base its decision. The claimant countered with the argument that on appeal to the three judge panel "neither party requested a transcript and the only record before the Review Panel were the doctor's reports which had been admitted into evidence". The majority accepts the employer's position and holds that the "history

alone [as contained in admitted medical reports]—without this underlying lay testimony—may not afford support for finding that a claimant has sustained a work-related injury."

Rule 28 of the Workers' Compensation Court does not expressly require the filing of a Designation of Record. It states in pertinent part:

**Rule 28. Appeals**

A. Appeals to the three judge panel may be taken by filing an original and three copies of a request for review within ten (10) days from the date the order appealed from was stamp filed by the Court. The request for review shall include:

(1) The name of the trial judge from whose decision the appeal is taken;

(2) A copy of the order appealed;

(3) A statement of each conclusion of law and finding of fact urged as error; and

(4) A brief statement of the relief sought. No response to a request for review is necessary. *Appeals to the three judge panel shall be strictly on the record made before the trial court.* No new evidence shall be allowed....

C. ....If *a basis of the appeal involves medical evidence, copies of the medical evidence shall be attached to the original and all copies of the request for review."* 85 O.S.Supp.1987, Ch.4, App. (emphasis added)

A short review of the function of a Designation of Record demonstrates that such is not necessary in the Workers' Compensation Court. A Designation of Record is currently required in civil appellate practice by Rule 1.20 of the Rules of Appellate Procedure in Civil Cases. 12 O.S.1981, Ch. 15, App. 2. It is an instrument filed in the office of the Clerk of the trial court, for the purpose of identifying "pertinent instruments filed in the case and of proceedings and evidence adduced which are sought to be included on the record on appeal." *Id.* at Rule 1.20. The Clerk assembles, numbers, indexes, and binds the instruments so

designated, and then certifies such under the seal of the Clerk. *Id.* at Rule 1.25.

The primary importance of a designated record for appellate review is not that the pages are numbered, indexed, or clipped together, but that it is certified as the record of the inferior court. The certification of the Clerk is a declaration that the material bound and transmitted to an appellate court is that which is, in fact, contained in the record of the inferior one. In this way a second court can have judicial knowledge of those records of the first, and base its decision thereon. Instruments not so certified are "extra-judicial", and usually beyond the cognizance of the appellate court. *Chamberlin v. Chamberlin,* 720 P.2d 721, 724 (Okla.1986); *Muncrief v. Memorial Hospital of Southern Oklahoma,* 767 P.2d 400, 402 (Okla.1988).

But an appeal from a trial judge of the Workers' Compensation Court to the three judge panel of that same court is not an appeal from one court to a different court; it is rather an *intra-court* re-examination of the decision made by the trial judge. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Rule 28 provides that "Appeals to the three judge panel shall be strictly on the record made before the trial court". When an order is appealed to the three judge panel the record is *already* before the Workers' Compensation Court.

An appeal to a three judge panel is also statutorily authorized. 85 O.S.Supp.1986, § 3.6. This statutory procedure requires the filing of a timely notice of appeal with the Administrator and payment of costs in the amount of $100. The review of the three judge panel is statutorily limited to the record made before the trial judge, and its order must be based upon an examination of that record. 85 O.S.Supp.1986, § 3.6(A). *See also, City of Frederick v. Elmore,* 587 P.2d 1365, 1367 (Okla.1978), (the State Industrial Court must review the record and enter the appropriate order). This appellate record must be in a form reviewable by the panel. For example, if a transcript of proceedings is necessary for review of the errors raised, then the appellant must bear the burden of furnishing a copy thereof to the panel in a timely manner. *Cf.* 85 O.S.1981, § 93.1 (cost of a transcript is paid by the party requesting a copy thereof, and the reporter furnishes copies to the court and opposing parties without additional charge). But neither § 3.6 nor Rule 28 requires the filing of a Designation of Record, and nothing has been presented to this court to indicate that a claimant is required to file such to have a lawful review at the three judge panel level.[1]

The Order under review in the present case states that "After reviewing the record in this case, said Judges find that parts of said order were against the clear weight of the evidence and hence the order of the Trial Judge ... should be and the same is hereby MODIFIED AND AFFIRMED AS FOLLOWS". The Order states on its face that the panel reviewed the evidence. The appealing employer and insurance carrier have not shown that the panel failed to examine the relevant portions of the record, including the medical reports in evidence. They have not shown that the plaintiff's medical report failed to include a history that would support a finding of a work-related injury to her right shoulder. In fact they, although bearing the burden of being the appealing parties, *did not designate for our review a record containing any of the transcript of proceedings nor any of the exhibits offered and admitted into evidence.*

This court reviews a panel-altered factual determination by the any-competent-evidence test. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 549 (Okla.1984). Only in the absence of competent evidence will we exercise our supervisory authority to vacate an award. *Parks* at 552. If an appealing party would have us vacate an award for lack of competent evidence it should furnish us a record whereby the

---

1. Although the filing of a Designation of Record is not required, neither is it prohibited. A litigant may file such to inform the three judge panel that a transcript has been requested, or to assure that no medical report is overlooked, or otherwise inform the panel.

absence of such evidence may be established. We should not be called upon to *presume* that the panel's Order was erroneous. *Ford v. Johnston Testers, Inc.*, 376 P.2d 338, 341 (Okla.1962). I would sustain the Order of the three judge panel.

Justice DOOLIN advises that he would do likewise.