## In re JETER.

No. 23408. Opinion Filed April 4, 1933.

H. M. Thacker, Harry C. Hicks, Ben F. Williams, Homer Cowan, and T. R. Benedum, for respondent.

A. W. Trice, R. H. Brown, and J. R. Keaton, Legal Advisory Committee of the State Bar of Oklahoma.

WELCH, J. The respondent, W. T. Jeter, of Mangum, Okla., a member of the State Bar, is charged with misconduct in that for some years, and up to the end of the year 1929, his law firm represented one Ponder by annual contract and retainer; that in October of 1929, the respondent accompanied Ponder and some witnesses to Carrizozo, N. M., where said Ponder had instituted an action in the district court against one Heatley concerning controversies that arose while Ponder and Heatley were associated together in the cotton business; that respondent had some conversation with the witnesses and the local attorney for Ponder, one Hudspeth, and sat with Hudspeth as counsel for Ponder upon the trial; that some testimony was introduced in behalf of plaintiff, Ponder, and some by Heatley on his cross-petition, whereupon the cause was determined by both plaintiff and defendant taking nonsuit; that thereafter, in November, 1929, said Heatley, by his attorney, Cocke of Collinsworth, Tex., instituted an action in the district court of Collinsworth county, Tex., against Ponder, involving the same controversy, in substance, theretofore involved in the New Mexico action. That early in the year 1930, the respondent, Jeter, accepted employment by Heatley to assist Cocke as Heatley's attorney in the Texas case, and thereafter signed pleadings and appeared with Cocke at the trial of the Texas case.

This matter was investigated and tried and reviewed by the various groups of the State Bar, that is, the administrative committee of the district, and proper review group, and the Board of Bar Governors. As a result of each hearing and review, the respondent was found guilty, and varying recommendations were made, including reprimand, suspension, and disbarment. Upon final hearing before the Board of Governors of the State Bar, there was a finding that the respondent was guilty of violating the rules of conduct of the State Bar, and of violating his duty to his former client, and the matter is now before us for review upon the record of the hearings, and the findings and recommendation made.

It is clear that respondent was employed first as attorney for Ponder, and thereafter as attorney for Heatley. It is also clear that the case of Heatley, plaintiff, against Ponder, defendant, in Collinsworth county, Tex., involved the same controversies as did the former case of Ponder, plaintiff, against Heatley, defendant, in New Mexico.

The respondent, Jeter, urges that he did not disclose to his client, Heatley, any matters of which he might have obtained knowledge from his client, Ponder; that he did not violate any confidence of his client, Ponder, and that he did not have actual knowledge that the action filed by Heatley in Texas involved the same controversies as were involved in the cause instituted by Ponder in New Mexico; that he did no willful or intentional wrong, and should not be found guilty. Respondent further contends that he had no personal knowledge of either case at the time it was instituted, and became associated in each case without complete knowledge of what was involved.

We deem it unnecessary to refer in any detail to the testimony of the several witnesses. However, we do observe that the record, including the testimony of the respondent himself, amply supports the finding of fact made by the Board of Bar Governors that respondent was guilty of misconduct in the matter. It seems clear that at the time respondent accepted employment as Heatley's attorney, or soon thereafter, he had information that the cause in Texas did involve the same controversies as were theretofore involved in the case in New Mexico, wherein he represented Ponder, and that after such information respondent continued as one of the attorneys for Heatley. But, in justice to the respondent, we observe also that the record does not indicate or imply any corrupt motive on the part of the respondent. And respondent's strong showing of character, integrity, and standing in the bar is sufficient to satisfy that no corrupt motive existed. However, the absence of a corrupt motive cannot be held to justify or excuse the misconduct in representing and appearng in court for his

client, Ponder, and thereafter accepting employment from his client's adversary and representing and appearing for him in court in a cause involving the same controversies as were theretofore involved in the former action when he represented Ponder.

We conclude that the finding of fact of the Board of Governors of the State Bar is amply supported by the evidence, and we approve the same. We conclude from the circumstances peculiar to this case that the respondent should not be suspended from the practice of law, but that the facts justify and require that he be reprimanded.

It is therefore ordered that the respondent be reprimanded by this court in the following language:

"Whereas, it appears that you, W. T. Jeter, a member of the bar of this state, have been adjudged guilty of misconduct as a member of the bar, and of the violation of your duty to a client, in that after representing and appearing in court for your client, W. P. Ponder, you thereafter permitted your client's adversary, H. V. Heatley, to employ you as his attorney in an action instituted by him against W. P. Ponder, and appeared in court for the said Heatley in a cause wherein the same controversies were involved as were theretofore involved when you represented said Ponder in his cause against Heatley; and, whereas, the findings of your guilt thereof have been approved by this court, and it has been determined to be proper that you be reprimanded for such misconduct. Now, therefore, you are reprimanded by this court for such misconduct on your part, and you are admonished that after representing and appearing for a client that you may not thereafter accept employment from, and act and appear as attorney for, his adversary in the trial of an action brought by him against your former client and involving the same controversies, unless your former client should first consent thereto, after being fully informed and advised in the matter. Bearing in mind that this reprimand is administered, and this admonition given in the spirit which should always actuate the court and members of the bar in their dealings one with the other; and this reprimand is administered, and this admonition given, upon, and in pursuance of, the conclusions of this court as justified by the record that the same will be accepted and received by you in this same spirit; and that it may be expected with confidence that your character and legal learning will lead you forward to a continued usefulness and success as a member of the bar of Oklahoma, free from any misconduct or serious appearance thereof."

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.