In re INITIATIVE PETITION No. 10 OF OKLAHOMA CITY.

*98 P. 2d 896.*

No. 29123. Jan. 30, 1940.

Owen F. Renegar, of Oklahoma City, for protestants.

Albert L. McRill, Chas. E. McPherren, and Arnold T. Fleig, all of Oklahoma City, for petitioners.

GIBSON, J. This appeal is from the findings of the city clerk of the sufficiency of initiative petition No. 10 of the city of Oklahoma City, which petition related to the adoption of an ordinance fixing the number of members of its board of education, and regulating the time and manner of their election. (Sections 5874, 5887, O. S. 1931, 34 Okla. Stat. Ann. §§ 8, 51.) The protest filed before the city clerk properly related entirely to the sufficiency of the initiative petition. Norris v. Cross, 25 Okla. 287, 309, 105 P. 1000, 1008.

On hearing de novo before the referee of this court (In re Initiative Petition No. 2 of Cushing, 157 Okla. 54, 10 P. 2d 271) the cause was submitted upon the petition and certain stipulations, protestants offering no evidence relating to the subject matter of their protest. In their brief in this court they abandon their objection to the sufficiency of the petition, and as their sole complaint for the first time assert here that the proposed ordinance is unconstitutional.

The question attempted to be raised here could not have been raised before the city clerk. The constitutionality or validity of the proposed ordinance could not be challenged on hearing there. In re Initiative State Question No. 10, 26 Okla. 554, 110 P. 647; Carmichael v. Holmes, 163 Okla. 27, 20 P. 2d 1053.

The protestants do not show that they will be in any way affected in their rights or property by the ordinance involved. Courts do not lightly declare invalid an enactment by the people. Such measure is clothed with the pre-

sumption of validity, and its constitutionality will not be considered and determined by the courts as a hypothetical question. It is only when a decision upon its validity is necessary to the determination of the cause that the same will be considered, and then only upon the complaint of a party whom the alleged invalid measure affects. The question of its constitutionality may be determined only in proper proceedings after the enactment of the measure. Threadgill v. Cross, 26 Okla. 403, 405, 415, 109 P. 558, 559, 563; Cooley's Const. Lim. (7th Ed.) p. 232.

The sufficiency of the petition is the only matter for the city clerk to determine. On review here of his decision this court will determine only questions the city clerk was authorized to decide. Missouri, K. & T. Ry. Co. v. Prince, 133 Okla. 228, 271 P. 253; Steiner v. Hughes, 172 Okla. 268, 44 P. 2d 857; Ewart v. Boettcher, 174 Okla. 460, 50 P. 2d 676; In re Initiative Petition No. 9 of Oklahoma City, 185 Okla. 165, 90 P. 2d 665. There is here no question of public policy or public interest in which situations this court may review a matter not presented below. Magnolia Petroleum Co. v. State, 175 Okla. 11, 52 P. 2d 81.

There being no question properly before this court for its consideration, the appeal is dismissed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur. OSBORN, CORN, and DAVISON, JJ., absent.