**In re Initiative Petition Pertaining to URBAN RENEWAL, LAWTON, Oklahoma.**

**No. 44211.**

Supreme Court of Oklahoma.

Sept. 29, 1970.

Bailey & Jones, Cordell, for proponents.

Newcombe, Redman & Doolin, Lawton, for protestors.

BLACKBIRD, Justice.

This is an original action to review a decision of the City Clerk of Lawton, holding insufficient, and not in compliance with the laws and Constitution of this State, an initiative petition circulated in said City and filed with said Clerk, for submission of a question to Lawton's voters at a "City General election" last April. The question to be submitted was described on the face of the petition as follows:

"The question we herewith submit to our fellow voters is: Shall the following proposition be approved?

The proposition presented to the qualified property tax paying voters of the City of Lawton on the 20th day of March 1962, to-wit:

'Shall the City of Lawton, Oklahoma, exercise the Authority granted to it by the Urban Redevelopment Act of Oklahoma?',

which established an Urban Renewal Authority in the City of Lawton, Oklahoma, is hereby repealed and held null and void and the City of Lawton, Oklahoma, acting through its City Government, is hereby prohibited now and forevermore from making legislation to allow the establishment of an Urban Renewal Authority in the City of Lawton, Oklahoma."

After the filing, with the City Clerk, of protests to said initiative petition's sufficiency, said Clerk, in a written decision after the hearing he held thereon, found, among other things, that 1,480 of the initiative petition's signatures, of which a minimum of 738 were subscribed by persons who "were not qualified property taxpayers, * * *" were "questionable". In said decision, the Clerk further wrote, however, that he did not determine whether these "questionable" signatures were valid, "since such a determination is not essential to the disposition of this matter." Before reciting his above described determination against the petition, the Clerk's decision expressed the view, among others, that the petition pertained to "an area not reserved to the people" under the provisions of the Statutes and Constitution of Oklahoma.

In the present action in this Court, proponents seek to focus our review of the City Clerk's decision upon the constitutionality of the aforementioned 1962 Lawton election, by which said City's exercise of the authority granted it under The Urban Redevelopment Act (11 O.S.1961, §§ 1651–1670, both inclusive) was approved by vote of the majority of the qualified property taxpaying voters, voting at said election, as prescribed in Section 7 (Section 1657, supra) of said Act. They take the position

that said Section 7 violates the 14th Amendment of the U. S. Constitution under recent U. S. Supreme Court decisions.

■ The constitutionality of that Act cannot be determined in a proceeding like the present one. In re Initiative Petition No. 10 of Oklahoma City, 186 Okl. 497, 98 P.2d 896, 897.

■ In enacting the cited 1959 Act, the Legislature stated in its Section 4 (Section 1654, supra) that "there exists in certain incorporated cities blighted areas * * which constitute a serious and grave menace, injurious and inimical to the public health, safety, morals and welfare of the residents of said cities; * * * ", and it declared the elimination of such blights to be "a matter of State policy and State concern." The Act's Section 7 (Section 1657, supra) sets forth what a city, within the population bracket described in the Act, shall do to initiate its participation in eliminating this matter of state-wide concern (in the manner contemplated therein) ; but the Act makes no provision for the repeal, or revocation, by the city, of such implementation action—once taken—by the means of an initiative petition. The subject initiative petition covers "a subject not reserved under the initiative or referendum provisions of the (Oklahoma) Constitution" (Hughes v. Bryan, Okl., 425 P.2d 952, 4th syll.), just as the City Clerk determined.

We recognize that in the Oklahoma City Initiative Petition No. 10 case, supra, we used the conjunctive phrase "constitutionality or validity" in referring to features of a proposed ordinance that could not be challenged at a hearing before the City Clerk on protests to the sufficiency of an initiative petition, but we did not hold that a City Clerk may not reject such a petition as improper, or a nullity, where it pertains to an area or subject beyond the scope of such a petition's legitimate coverage, as did the City Clerk in this case. And we specifically noted, in the cited case, that there was "no question of public policy or public interest" to extend our review to matters

that were not before the City Clerk, there. Here, the City Clerk of Lawton specifically determined the issue we have herein dealt with, and, as indicated, we think he correctly determined it. His decision is therefore affirmed.

All the Justices concur.