In the Matter of the PROPOSED BALLOT TITLE OF STATE QUESTION NUMBER 319, INITIATIVE PETITION NUMBER 563.

Richard T. McCARTNEY, Appellant,

v.

Michael C. TURPEN, Attorney General of Oklahoma, Appellee,

John Kilpatrick, Jr., Amicus Curiae.

No. 62780.

Supreme Court of Oklahoma.

Aug. 13, 1984.

As Corrected Aug. 13, 1984.

George Miller, Jack S. Dawson, James C. Shaw, Miller, Dollarhide, Dawson, & Shaw, Oklahoma City, for appellant.

James B. Franks, Asst. Atty. Gen., Michael C. Turpen, Atty. Gen., Oklahoma City, for appellee.

D. Kent Meyers, Barbara Snow Gilbert, Gayle L. Barrett, Crowe & Dunlevy, Oklahoma City, for amicus curiae.

KAUGER, Justice

The primary issue presented is the sufficiency of the proposed ballot title of State Question Number 563. If the question is approved by the voters, the Okla. Const.

art. 27 [1] will be repealed, and the voters in each county will determine, on a county option basis, whether to authorize retail sales of liquor by the drink.

The ballot title, which was written by the Secretary of State, and submitted to the Superintendent of Public Instruction to be conformed to an eighth grade level of reading comprehension, has been certified by the Attorney General to be in harmony with the law. All the prerequisites of 34 O.S. 1983 Supp. § 9 [2] have been met, and the appeal is properly before this Court.

The ballot title reads as follows:

"This measure would amend the Oklahoma Constitution. It would repeal all of Article 27. It would adopt a new Article 28. It would rename the Alcoholic Beverage Control Board. The new name would be the Alcoholic Beverage Laws Enforcement commission. The measure would place new restrictions on the qualifications of the members. It would increase the size of the commission. The director of the commission would not be required to be confirmed by the Senate to enforce the liquor laws of the state. Retail sale of liquor by the drink for on the premises drinking would be approved only by a vote of the people in a county election. It would provide for laws to be enacted by the legislature. The laws would be to regulate, license, and tax those who make, sell, distribute, possess, and transport the liquor.

SHALL THIS AMENDMENT BE APPROVED BY THE PEOPLE?

( ) Yes, for the amendment

( ) No, against the amendment".

The appellant, Richard T. McCartney, contends that the proposed ballot title fails to conform with 34 O.S. 1983 Supp. § 9(B)(2) [3] because it does not address the sale of liquor on Sundays and holidays, or the ownership of licenses to sell alcoholic beverages by non-residents of the state and domestic and foreign corporations. The substituted ballot title proposed by appellant states:

"This measure would amend the Oklahoma Constitution. It would repeal all of Article 27. It would adopt a new Article 28. It would abolish the Alcoholic Beverage Control Board. The new name would be the Alcoholic Beverage Laws Enforcement Commission. The director of the commission would not be required to be confirmed by the Senate. Retail sale of liquor by the drink for on the premises drinking would be approved only by a vote of the people in a county election. In a county election, voters may approve the sale of liquor by the drink on Sundays, holidays, and election days. Non-residents of Oklahoma and corporations may own licenses to sell liquor by the drink. This measure would provide for laws to be enacted by the legislature. The laws would be to regulate, license and tax those who make, sell, distribute, possess, and to transport the liquor.

SHALL THIS AMENDMENT BE APPROVED BY THE PEOPLE?

( ) Yes, for the amendment

( ) No, against the amendment."

■ The contentions raised by the appellant are surplusage, premature, and are not necessary in this election to explain the result of the proposition. The purpose of the election is to authorize submission of the question of liquor by the drink to the voters in each county. We find that the ballot title certified by the Attorney General sufficiently states the effect of the proposition. It accurately informs the elector-

---

1. The Okl. Const. art 27 governs the sale of alcoholic beverages. A new article, 28, would be substituted for art. 27.

2. It is provided by 34 O.S. 1983 Supp. § 9(B):

"B. The parties submitting the proposition shall also submit a suggested ballot title which comply with the following requirements: ...

2. The ballot title shall explain in basic words, which can be easily found in dictionaries of general usage, the effect of the proposition; ..."

See *In the Matter of Proposed Ballot Title of State Question Number 565, Initiative Petition Number 321*, 672 P.2d 1166, 1168 (Okla.1983).

3. See note 2, id.

ate concerning the principle thrust of the petition—legalization of liquor by the drink on a county-option basis, with provisions for a new enforcement agency, and for continuing regulation and taxation of the industry. The statutory requirements of 34 O.S. 1983 Supp. § 9 that the title contain the gist of the proposition have been met. In *Arthur v. City of Stillwater*, 611 P.2d 637, 643 (Okla.1980), this Court enunciated the test to be exercised in determining the sufficiency of ballot titles, we said:

"The question must be specific, but need not include the proposition, from beginning to end. It is sufficient if enough is printed to reflect the character and purpose of the proposition. Generally, the requirement concerning submission of ballot propositions is that the question not be deceptive or misleading, and that it be free from uncertainty and ambiguity. The test is whether the voters are afforded an opportunity fairly to express their will, and whether the question is sufficiently definite to apprise the voters with substantial accuracy as to what they are asked to approve."

█ The Attorney General argues that because the amendments to the ballot title law require rigorous and laborious participation by three state offices in the preparation of the ballot title,[4] ballot title review by this Court should be limited to whether the executive branch has exceeded its authority, abused its discretion, or acted arbitrarily or capriciously. We do not agree.

Pursuant to the statute, the Secretary of the State, prepares the wording of the ballot title to submit to the Superintendent of Public Instruction for review of comprehension level of the language, and the Attorney General either certifies the ballot title as submitted, or provides a written clarification to the Secretary of the State of the parts of the title which do not conform with the law. The *sole* method of judicial review of the language of a ballot title is prescribed by 34 O.S. 1981 § 10(A).[5] This Court is required to review the proposed ballot title to determine if it, as a matter of law, complies with the statute, 34 O.S. 1983 Supp. § 9, and not whether the executive branch has exceeded its authority or abused its discretion. The Court's duty under § 10(A) is unchanged either by recent procedural amendments, or by argument of counsel.

█ Although the parties have not raised the issue of misleading language contained in the certified ballot title which states "The director of the commission would not be required to be confirmed by the Senate to enforce the liquor laws of the state"; because "to enforce the liquor laws of the state" modifies the word Senate, and because the ballot title submitted to popular vote by the electorate must be neither deceptive nor misleading in order to permit the voters to reach an informed decision, we are constrained to amend the ballot title.[6] The sentence must be reconstructed

---

**4.** It is provided by 34 O.S. 1983 Supp. § 9(D):
"D. The Secretary of State shall submit the official ballot title to the Attorney General for review as to legal correctness. Within three (3) days after the filing of such copy and ballot title with the Attorney General, he shall, in writing, notify the Secretary of State whether or not the proposed ballot is in legal form and in harmony with the law. If the official ballot title is in harmony with the law the Attorney General shall so certify to the Secretary of State. Should such ballot title not be in proper form, in the opinion of the Attorney General, it shall be his duty, within said three (3) days, to prepare and file a written clarification of the parts of the official ballot title which do not conform with the law and why said provisions do not conform."

**5.** See 34 O.S. 1981 § 10(A):

"A. Any person who is dissatisfied with the wording of a ballot title may, within ten (10) days after the same is filed by the Attorney General with the Secretary of State as aforesaid, appeal to the Supreme Court by petition in which shall be offered a substitute ballot title for the one from which the appeal is taken. Upon the hearing of such appeal, the court may correct or amend the ballot title before the court, or accept the substitute suggested, or may draft a new one which will conform to this chapter."

**6.** *In Re Initiative Petition No. 315, Etc.*, 649 P.2d 545, 553 (Okla.1982); *Lipscomb v. State Ind. Comm.*, 199 Okl. 597, 188 P.2d 841, 842 (1948); *In Re Initiative Petition No. 10 of Oklahoma City*, 186 Okl. 497, 98 P.2d 896, 897 (1940).

to specify that, "The director of the commission, who is charged with the responsibility for enforcement of the liquor laws, need not be confirmed by the Senate". We therefore, approve and adopt the following amended ballot title:

"Ballot Title

Initiative Petition No. 319

State Question No. 563

This measure would amend the Oklahoma Constitution. It would repeal all of Article 27. It would adopt a new Article 28. It would rename the Alcoholic Beverage Control Board. The new name would be the Alcoholic Beverage Laws Enforcement Commission. The measure would place new restrictions on the qualifications of the members. It would increase the size of the commission. The director of the commission, who is charged with the responsibility for enforcement of the liquor laws, need not be confirmed by the Senate. Retail sale of liquor by the drink for on the premises drinking would be approved only by a vote of the people in a county election. It would provide for laws to be enacted by the legislature. The laws would be to regulate, license, and tax those who make, sell, distribute, possess, and transport the liquor.

SHALL THIS AMENDMENT BE APPROVED BY THE PEOPLE?

( ) Yes, for the amendment

( ) No, against the amendment".

THE AMENDED BALLOT TITLE IS REMANDED TO THE SECRETARY OF STATE FOR SUBMISSION TO THE STATE ELECTION BOARD.

BARNES, C.J., SIMMS, V.C.J., and HODGES, LAVENDER, DOOLIN and WILSON, JJ., concur.

OPALA, J., concurs in judgment.