2000 OK 83

**Yuell Curtis CANIDA, Petitioner,**

v.

**TECHNOTHERM CORPORATION, Transcontinental Insurance Co., and The Workers' Compensation Court, Respondents.**

**No. 91,848.**

Supreme Court of Oklahoma.

Oct. 31, 2000.

Rehearing Denied Jan. 9, 2001.

Eric W. Quandt, Tulsa, OK, for Petitioner.

James J. Robertson, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondents.

SUMMERS, C.J.

¶1 First the trial judge and then a three-judge panel determined that a Workers' Compensation claimant was not entitled to recover for his injury because it was the result of his voluntary participation in horse-play in the workplace. Our sole issue on certiorari is whether that decision is supported by competent evidence of record. We find that it is, and vacate the opinion of the Court of Civil Appeals holding otherwise.

¶2 The claimant, Curtis Canida, sought worker's compensation disability for injury to his back, allegedly suffered when a co-worker forcefully bumped him on the upper back as he walked past the co-worker to retrieve an implement claimant needed to complete a work assignment. The testimony of the co-worker was that claimant and the co-worker had an on-going ritual of bumping shoulders which they had done "a hundred times." On the day in question, claimant raised his arm as he walked by the co-worker. Claimant testified that he did so as a protective measure because the co-worker was well known for engaging in horseplay contact. Co-worker testified that he interpreted the raised

arm as a signal to engage in the shoulder-bump ritual, and he then delivered a bump to claimant which allegedly caused the injury at issue.

¶ 3 The trial court considered this evidence and concluded that under these facts, and the reasonable inferences to be drawn therefrom, claimant had been a "voluntary participant in horseplay" which precluded him from being entitled to recovery under the horseplay rule adopted in *Horn v. Broadway Garage,* 186 Okl. 535, 99 P.2d 150 (1940). In that case, the Court held that a worker was not entitled to Worker's Compensation benefits when he was blinded in one eye when he tried to shoot a paper clip with a rubber band. The Court explained that the general rule is that Workers' Compensation is not recoverable for injuries "sustained through horseplay or fooling which was done independently of and disconnected from the performance of any duties of the employment since such injuries do not arise out of the employment" within the meaning of the law. *Id.,* at 151.

¶ 4 The three-judge panel in today's case unanimously affirmed the order denying compensability, and claimant sought appellate review. The Court of Civil Appeals reversed the Workers Compensation Court, based on its determination that "under the undisputed material facts" claimant was **not** a "voluntary participant in horseplay." The Court of Civil Appeals concluded the Workers Compensation Court decision was erroneous as a matter of law. It found the evidence established that claimant was trying to avoid the prankish contact and was only attempting to extricate himself from the co-worker's horseplay, and therefore he was not precluded from recovery under *Horn.* Viewing the evidence as it did, the Court of Civil Appeals found the matter was controlled by the rule set forth in *J.C. Hamilton v. Bickel,* 174 Okl. 32, 49 P.2d 1065 (1935), that an injured workman has not "actively participated" in prankish behavior so as to be barred from recovery of Worker's Compensation benefits where his only participation is exclusively directed to getting away from the initiating co-employee.

¶ 5 The employer contends on certiorari that the Court of Civil Appeals mischaracterized this matter as one in which the facts

were undisputed, and engaged in a *de novo* review, ignoring the reality that the evidence was disputed, and that conflicting inferences or theories as to compensability arose and were argued by the parties. It argues that the Court of Civil Appeals impermissibly substituted its own judgment on the facts for that of the Workers Compensation Court.

¶ 6 It is well settled that in an appeal from a three-judge panel of the Workers Compensation Court, the appellate court must review it under the any-competent-evidence test, under which the court's responsibility is limited to canvassing the facts, not with the object of weighing conflicting proof to determine where the preponderance lies, but only to ascertain whether there is any competent evidence to support the tribunal's decision. *Parks v. Norman Mun. Hospital,* 1984 OK 53, 684 P.2d 548. By statute, 85 O.S.1991 § 26, all findings of fact of the trial tribunal are conclusive and binding unless they are determined to lack support in competent evidence. It is only in the absence of such support that a trial tribunal's decision may be viewed as erroneous as a matter of law, and therefore subject to vacation by the appellate court. When a Worker's Compensation Court decision is appealed it will be sustained if it is supported by any competent evidence. See *Parks v. Norman Mun. Hospital, supra; Owings v. Pool Well Service,* 1992 OK 159, 843 P.2d 380.

¶ 7 Employer correctly points out that even when facts before the Worker's Compensation Court are not in dispute, when conflicting inferences arise from those facts it is for the trier of fact to decide which theory is more likely to be true. In *Lanman v. Oklahoma County Sheriff's Office,* 1998 Ok 37, 958 P.2d 795, a case where the issue was whether claimant's injuries were sustained in the course of his employment, we said "This court cannot impose on the trial tribunal its own choices when two or more theories stand supported by competent evidence or when the facts stand disputed. It is for the trier to decide which theory is more cogently proved by the record." *Id.* at 958 P.2d 801,

**1130**

802.[1]

¶ 8 Here the evidence showed that claimant walked past the co-worker with his arm up. While this fact is not disputed, there are different inferences which may be drawn from it. Claimant testified that he raised his arm to protect himself from possible horseplay by the co-worker who was known to engage in such behavior. Other testimony supported the theory that claimant and the co-worker had engaged in an ongoing ritual of shoulder-bumping horseplay before, and claimant was initiating that ritual when he raised his arm at the co-worker. The trial judge was free to disbelieve claimant's subjective statement of the defensive nature of his intent. Competent evidence supported the trial judge's finding that claimant's injury was not compensable as not arising out of his employment, and that it resulted instead from his voluntary participation in horseplay. The three-judge panel agreed, and affirmed. The decision of that Court, thus, is not vulnerable to appellate reversal.

¶ 9 On certiorari previously granted, the Court of Civil Appeals' opinion is vacated, and the claim's denial by the Worker's Compensation Court is sustained.

¶ 10 HARGRAVE, V.C.J., HODGES, LAVENDER, OPALA, KAUGER, WATT, WINCHESTER, JJ.—Concur.

¶ 11 BOUDREAU, J.—Disqualified.

OPALA, J., concurring.

¶ 1 The legal norm that *governs* the employer's compensation liability to this claimant is stated in *Terry Motor Company v. Mixon*, 1961 OK 60, 361 P.2d 180, 181. The rule settled by *Mixon* is that an injury inflicted upon a worker engaged in the duties of employment through an assault or prank of a coemployee (or a third person) *is deemed to arise out of employment unless* competent evidence should disclose that the harmed worker "*acted as the aggressor,* initiator or voluntary participant in the frolic or

combat" that occasioned the accidental harm in contest. When the *Mixon* rule was formulated the law *then* in force cast on the employer the burden to prove and to persuade the trier that claimant's injury did *not* arise out of employment. Since the § 27 presumption of compensability was repealed, the claimant must now bear the *onus* of proving and persuading the trial tribunal that his injury arose out of employment. *American Management Systems v. Burns,* 1995 OK 58, 903 P.2d 288, 291–292.

¶ 2 The dispositive issue formed by the evidence presented below was whether the claimant could be considered "aggressor, initiator or voluntary participant" in horseplay. From the critical record proof before us *opposite inferences may* be drawn as to claimant's involvement in the happenings immediately preceding the harm-dealing event. One of these inferences points to claimant's nonparticipation and the other would tend to show that he had invited the coemployee's engagement in a previously established routine of mutual combat on the job. The choice to be made between these opposite inferences was for the trier of fact—the trial tribunal. *Thomas v. Keith Hensel Optical Labs.,* 1982 OK 120, 653 P.2d 201, 202. Its resolution of this all-important nonjurisdictional fact in dispute is binding on this court. *Parks v. Norman Mun. Hospital,* 1984 OK 53, 684 P.2d 548.

¶ 3 I hence concur in today's opinion and in the court's disposition of the claim.

---

1. The *Lanman* case also provides a useful discourse on compensation law's "arising-out-of" and "in-the-course-of" employment dichotomy.