2001 OK CIV APP 149

**William L. MILLIGAN, Petitioner,**

v.

**MILO GORDON CHRYSLER PLYMOUTH ISUZU and the Workers' Compensation Court, Respondents.**

**No. 95,988.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 10, 2001.

Rehearing Denied Aug. 28, 2001.

Certiorari Denied Nov. 6, 2201.

William E. Woodson, Jim D. Loftis, Woodson & Loftis, Norman, OK, for Petitioner.

Margaret Dunn, Tulsa, OK, for Respondents.

BUETTNER, Presiding Judge:

¶1 The facts in this review proceeding are undisputed but capable of differing inferences. Claimant, William L. Milligan, worked for Employer, Milo Gordon Chrysler Plymouth Isuzu. At the request of Employ-

er, Claimant drove a motorcycle to a business establishment to obtain an appraisal. While on a direct route back to Employer's place of business, Claimant lost control of the motorcycle while "popping a wheelie." He sustained an accidental personal injury to his right arm, leg and ankle, as well as head, neck and shoulder injuries.

¶2 Employer defended the claim on the ground that Claimant was injured while engaged in "horseplay." The trial court found Employer requested Claimant to operate the motorcycle in furtherance of its business, and that while the manner of operation may have been careless and reckless, it was not disconnected from his performance of the duties of his employment. The trial court found Claimant sustained an accidental personal injury arising out of and in the course of his employment and awarded him benefits for permanent partial disability.

¶3 Employer sought review by the three-judge panel. The panel, with one dissent,[1] vacated the trial court's decision as contrary to law and against the clear weight of the evidence. Claimant seeks review of this order.

¶4 There are two elements to the "horseplay" defense. The activity must be (1) independent of and (2) disconnected from the performance of any duties of the employment. *Horn v. Broadway Garage,* 1940 OK 81, 186 Okla. 535, 99 P.2d 150. The defense is most often, but not exclusively, associated with fights or workplace pranks engaged in between two or more employees. See *Horn v. Broadway Garage, Id.,* where the employee attempted to shoot a paper clip with a rubber band and injured his eye.

¶5 Employer and Claimant discuss the case of *Darco Transportation v. Dulen,* 1996 OK 50, 922 P.2d 591. In that decision the Supreme Court affirmed the trial court finding that the injury did not result from horseplay. Whenever conflicting inferences may be drawn from undisputed facts, the

1. The dissenter stated: "The claimant was guilty of contributory negligence, and not 'horseplay'. Contributory negligence is not a bar to recovery." To a certain extent, horseplay is in the eye of the beholder. Here, two Workers' Compensation Court judges found horseplay, two said no. Unless it can be said that the conduct is or is not horseplay as a matter of law, it is a question of fact for the trier of fact.

issue is not one of law but rather of fact. *Id.* at 594. It is only in the absence of competent evidence that a trial tribunal's decision may be viewed as erroneous as a matter of law and thus subject to appellate vacation. *Id.* Also see *Canida v. Technotherm Corp.*, 2000 OK 83, 16 P.3d 1127, where the Oklahoma Supreme Court sustained an order denying compensation based on horseplay by finding competent evidence to support the order. The Supreme Court vacated the opinion of the Oklahoma Court of Civil Appeals, which had reviewed the evidence and recharacterized it by stating the employee had tried to avoid the horseplay as opposed to joining in it. The Supreme Court held that where there are conflicting inferences arising from undisputed facts, it is for the trier of fact to decide which theory is more likely true. *Id.* at 1129.

¶ 6 We cannot say that as a matter of law the conduct at issue in this case could never be considered horseplay by a fact finder. The inferences could support a decision either way. The act of "popping a wheelie" could be considered independent of and disconnected from performance of employment duties. Therefore, competent evidence supports the panel's order and we are not at liberty to overturn the three-judge panel.

¶ 7 SUSTAINED.

¶ 8 GARRETT, J., concurs; HANSEN, C.J., dissents with separate opinion.

CAROL M. HANSEN, Chief Judge, dissenting:

¶ 1 I dissent. The majority's holding is based on its determination inferences from the undisputed facts could support a decision that Claimant's act of "popping a wheelie" constituted horseplay. That rationale erroneously relies on causation. While there is clearly competent evidence to establish Claimant's "popping a wheelie" caused the accident which resulted in his injuries, enactment of the Workers' Compensation Act in 1915 eliminated an employee's culpability as a defense against an employer's liability. *Darco Transportation v. Dulen,* 1996 OK 50, 922 P.2d 591.

¶ 2 That Claimant was "popping a wheelie" at the time of his accident merely goes to the question of *how* he was performing his assigned work task. The majority recognizes Claimant was driving the motorcycle at Employer's request on a direct route back to Employer's place of business. It is the act of driving the motorcycle, the assigned task, which is determinative here, not the act of "popping a wheelie." The majority ignores the precedence of *Dulen.*

¶ 3 In *Dulen,* the question was whether the horseplay defense would apply because there was controverted evidence the claimant was having sex with the co-driver of his tractor-trailer rig at the time it was hit by a train. The *Dulen* Court noted, even assuming the claimant was having sex while driving the rig:

> ... uncontroverted is the stubborn fact that Dulen, when injured, occupied his assigned work station, the driver's seat behind the steering wheel of Darco's truck. The record offers no proof that Dulen had deviated from or abandoned his master's mission (transporting goods to San Francisco).

¶ 4 It is equally uncontroverted here that Claimant, when injured, was occupying his assigned work station, the seat of a motorcycle he would not have been riding if not for Employer's request. Further, as in *Dulen,* there is nothing to show Claimant had deviated from or abandoned Employer's mission, returning the motorcycle to Employer's place of business.

¶ 5 *Dulen,* at 596, notes that our jurisprudence "strongly militates" against withholding benefits for misconduct *"that plainly falls short of workstation abandonment."* (Emphasis in original). Contrary to assertions regarding causation, the more appropriate question to examine is whether "[C]laimant's conduct is to deemed horseplay—*a complete departure from or abandonment of his employment." Dulen,* at 595. (Emphasis in original).

¶ 6 The line of reasoning in *Dulen* is consistent with that of earlier holdings where horseplay has been asserted as a defense. Neither Employer nor the majority cites a decision, and I have been unable to find any,

where horseplay has been successfully maintained to defend against an employer's liability for injuries sustained while an employee was actually performing an assigned task.

¶ 7 Review of cases where the horseplay defense has been allowed reveals the actions leading to injury were clearly disconnected from the performance of any duties of the employment.[1] As the trial court properly held, here there is no competent evidence that Claimant's actions in riding the motorcycle were disconnected from his assigned task of transporting it for the purpose of appraisal.

¶ 8 Applying the horseplay defense to the facts here is an unwarranted expansion of our established jurisprudence. The *only* Oklahoma case I have found with analogous facts is *Dulen*. There, even assuming the claimant was having sex while driving, the Supreme Court found the claimant had not abandoned his assigned work station and sustained the Workers' Compensation Court's award of benefits.

¶ 9 In my view, the trial court and the three judge panel dissent correctly found Claimant could not be denied benefits for contributory negligence. The Workers' Compensation Act, at *85 O.S. Supp.1999 §§ 11 & 12*, unambiguously imposes liability on employers for work related disability "without regard to fault as a cause", and bars employers from pleading contributory negligence as a defense. Section 11 does provide for certain defenses, but Employer has failed to prove any here.

¶ 10 I would vacate the three judge panel's order on appeal and reinstate the trial court's order awarding benefits.

---

1. *Canida v. Technotherm Corp.*, 2000 OK 83, 16 P.3d 1127, (Claimant injured while walking past fellow employee with arm raised after history of should bumping); *Terry Motor Co. v. Mixon*, 1960 OK 79, 350 P.2d 953, (Claimant injured while wrestling with fellow employee); *Thompson Building Co. v. Midgette*, 1957 Ok 51, 308 P.2d 645, (Claimant injured in fight with fellow employee); *Eagle–Picher Co. v. McGuire*, 1957 OK 28, 307 P.2d 145, (Claimant injured when struck by a bucket thrown by fellow employee who Claimant had touched); *Swift & Co. v. Forbus*, 1949 OK 111, 201 Okla. 516, 207 P.2d 251, (Claimant injured in "prankish" scuffle with former employee); *Eagle–Picher Mining and Smelting Co. v. Davison*, 1942 OK 413, 192 Okla. 13, 132 P.2d 937, (Claimant injured by explosion of dynamite cap he was playing with for his own amusement); and *Horn v. Broadway Garage*, 1940 OK 81, 186 Okla. 535, 99 P.2d 150, (Claimant injured when struck in the eye by a paper clip he was going to shoot with a rubber band).