2015 OK CIV APP 65

**Hobby LOBBY and Twin City Fire Insurance, Petitioners,**

v.

**Neil ROBERTS and the Workers' Compensation Court of Existing Claims, Respondents.**

**No. 113,371.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 30, 2015.

---

James C. Ferguson, Thomas G. Ferguson, Bruce V. Winston, Walker, Ferguson & Ferguson, Oklahoma City, Oklahoma, for Petitioner Hobby Lobby.

Jami Rhoades Antonisse, Brad Miller, Miller & Johnson, PLLC, Oklahoma City, Oklahoma, for Petitioner Twin City Fire Insurance.

Alexander K. Forbes, Forbes & Forbes, Midwest City, Oklahoma, for Respondent.

P. THOMAS THORNBRUGH, Judge.

¶1 Petitioners, Hobby Lobby (Employer) and its workers' compensation insurance carrier, Twin City Fire Insurance (Insurer), seek review of a Workers' Compensation Court of Existing Claims panel decision affirming as modified a trial court decision that found Petitioners violated the privacy rights of Claimant, Neil Roberts. For the reasons set forth below, we vacate that part of the panel's decision for which review is sought, and remand with instructions to comply with the procedural requirements of Workers' Compensation Court Rule 64. Insurer's motion for oral argument, filed May 22, 2015, is denied.

## BACKGROUND

¶ 2 This dispute concerns the lower court's order following a hearing on Claimant's pre-trial motion to revoke "[Employer's] self-insured status and/or [Insurer's] permit to do business" in Oklahoma, based on a private investigator's alleged attempt to attach a GPS tracking device to Claimant's car when it was parked on private property.[1] At trial in April 2014, the trial court considered Claimant's motion over Employer and Insurer's objection that Workers' Compensation Court Rule 64 required such a motion to first be presented to the Workers' Compensation Court Administrator. The trial court judge stated that the court currently did not have an administrator with clear authority to hear the motion,[2] and that the trial judge therefore would proceed and take evidence on the motion. In an order that also found that Claimant is permanently and totally disabled (PTD) due to a work-related injury,[3] the trial court included a separate paragraph finding as follows:

–1–

THAT respondent through it's agent, PaKpoom Nillpraphan "Paul," knowingly, willfully and intentionally violated the claimant's privacy by entering private property to place a GPS tracking device on claimant's car. As a result of intentional misconduct, the Court has been asked to revoke respondent, Hobby Lobby's self-insured status and/or their insurance company's permit to do business in the State of Oklahoma. This Court finds that it is without authority to do so pursuant to the Workers' Compensation Court Rule 64. As a result, this Court refers this matter to the Court Administrator.

¶ 3 Employer and Insurer appealed to a three-judge panel, challenging only the paragraph quoted above (Paragraph 1) and asserting, *inter alia*, that the court lacked authority to address revocation because the court had not followed the required procedures of Rule 64. The panel affirmed, but modified the next-to-last sentence in Paragraph 1 by deleting the reference to "Hobby Lobby's self-insured status."[4] Employer and Insurer seek review here. They challenge the lower court's authority to consider Claimant's motion, as well as the court's factual findings concerning invasion of privacy and the private investigator's status as an agent of either party. Insurer also has requested oral argument before this Court.

## STANDARD OF REVIEW

¶ 4 As a general rule, the law applicable to a workers' compensation case—including the appellate standard of review—is that which was in effect at the time of an employee's injury. *See King Mfg. v. Meadows*, 2005 OK 78, ¶ 11, 127 P.3d 584; *Williams Cos. v. Dunkelgod*, 2012 OK 96, ¶ 18, 295 P.3d 1107. Effective at the time of Claimant's January 2011 injury was 85 O.S. Supp.2010 § 3.6(C)(repealed effective Aug. 26, 2011), which provides that this Court may modify, reverse, remand for rehearing, or set aside the lower court's order on any of the following grounds:

---

1. Prior to trial in April 2014, Claimant filed a Form 9 motion in the WC Court seeking:

   Suspension of Respondent Hobby Lobby's self-insured status and/or their insurance company's permit to do business in the State of Oklahoma ... based on respondent's willful and intentional conduct towards its employee, the claimant herein. Evidence will show that respondent, Hobby Lobby's adjusters, and agent attempted to attach a tracking device to claimant's personal property. Claimant asserts this action violates protection offered to every citizen, including claimant, under the U.S. Constitution and the Constitution of the State of Oklahoma.

2. The trial in this case occurred during a time of transition in Oklahoma workers' compensation legislation. At the April 2014 hearing, the trial judge noted that WC Court Judge Harkey was "acting kind of" in the capacity of Court Administrator, but that "he has technically not been appointed" and "since we are all here, and all the witnesses are here, I'll just hear all the testimony on it." He stated, "[I]f I decide I cannot rule on it, I'll put that in the order. If I decide I can rule on it, then I'll put that in the order."

3. The trial court's June 2014 order found Claimant PTD as a result of injuries sustained while he unloaded a truck in the course of his employment on January 2, 2011. Employer and Insurer admit the injury and do not seek review of the PTD determination.

4. The full sentence as modified by the panel reads as follows: "As a result of intentional misconduct, the Court has been asked to revoke respondent, Hobby Lobby's insurance company's permit to do business in the State of Oklahoma."

1. The Court acted without or in excess of its powers;
2. The order or award was contrary to law;
3. The order or award was procured by fraud; or
4. The order or award was against the clear weight of the evidence.

¶5 Statutory construction and questions concerning jurisdictional matters in the workers' compensation court present issues of law. *Hogg v. Okla. Cnty. Juvenile Bureau*, 2012 OK 107, ¶7, 292 P.3d 29; *Stidham v. Special Indem. Fund*, 2000 OK 33, ¶10, 10 P.3d 880. "Questions of law are reviewed by a *de novo* standard under which this Court has plenary, non-deferential and independent authority to determine whether lower courts have erred in their legal rulings." *Graham Pub. Sch. v. Priddy*, 2014 OK 30, ¶8, 328 P.3d 1190 (citation omitted).

## ANALYSIS

¶6 At the time of Claimant's injury, Rule 64, 85 O.S. Supp.2010 ch. 4, app., stated:

**Rule 64. Motion to Revoke Insurance License**

Motions to revoke or suspend the insurance license of any carrier, pursuant to 85 O.S., Section 42(B), shall first be presented to the Court Administrator for disposition. The Administrator may refer the matter to a regularly assigned judge of the Court for fact finding and determination. Appeals from the decision of the trial judge, or the Administrator shall conform to Rule 60 [governing appeals to a three-judge panel]. If it is determined that an insurer's license should be suspended or revoked, a recommendation shall be made to the Insurance Commissioner.

Though the rule was amended in 2012 to incorporate statutory changes, the version in effect at the time of the April 2014 hearing was substantially the same. The version of § 42(B) in effect in January 2011, at 85 O.S. Supp.2010, stated:

B. If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Workers' Compensation Act or any published rules or regulations promulgated thereunder, the Insurance Commissioner, on the request of a judge of the Court or the Administrator of workers' compensation, shall suspend or revoke the license or authority of such insurance carrier to do a compensation business in this state.[5]

¶7 While § 42(B) contemplates that a judge or the Court Administrator may *ultimately* request or recommend further action by the Insurance Commissioner, Rule 64 unambiguously requires that a motion to revoke go first to the Administrator before it is presented to a judge. Indeed, the trial judge himself recognized this requirement as reflected by his comments at the April 2014 hearing. *See* note 2, *supra*. Further, both the trial court and the panel implicitly recognized the impropriety to entertain the motion at that point in the proceedings by virtue of the fact that they referred the matter to the Administrator pursuant to the rule. "The Workers' Compensation Court is a court of record with authority to adopt reasonable rules and regulations within its respective areas of responsibility which, when approved by the Supreme Court, 'if not inconsistent with law, shall be binding in the administration of the Workers' Compensation Act,'" and have the force and effect of law. *See Texas Okla. Exp. v. Sorenson*, 1982 OK 113, ¶¶2–3, 652 P.2d 285 (quoting 85 O.S. Supp. 1977 § 1.2(E)). Here, the lower court's attempt to conduct its own "fact-finding" prior to receiving an administrative referral of the matter, *pursuant to the court's own rule*, was unauthorized, and thus was ineffective to produce a decision free of doubt as to its validity concerning the matter addressed in violation of the rule, in Paragraph 1.

¶8 Claimant appears to argue that compliance with Rule 64 was not required due to the uncertain status of the Court Administrator at the time of the hearing. He cites no authority to support this rationale for ignoring the established rules and procedures of the court, and we are aware of none. We therefore reject the argument.

5. A substantially similar provision appears at 85 O.S.2011 § 346(B)(effective Aug. 26, 2011, through Feb. 1, 2014). A provision similar to subsection (B) does not appear in Title 85A.

¶ 9 Claimant also contends that the lower court was correct in proceeding with the matter under its general authority to supervise "the discovery tactics" of Employer and Insurer. Claimant did not make this argument in the trial court, and we will not consider it for the first time on appeal. *See Johnson v. City of Woodward,* 2001 OK 85, ¶ 21, 38 P.3d 218 (citing *Northwest Datsun v. Okla. Motor Vehicle Comm'n,* 1987 OK 31, ¶ 16, 736 P.2d 516). Further, the argument ignores the fact that Claimant did not request or invoke sanctions under the court's general powers, but chose instead to proceed under Rule 64 with a motion to revoke. The only authority Claimant cites in support of his contention in this regard is Rule 23(C) of the Rules of the Court on the Judiciary, Trial Division, 5 O.S.2011 ch. 1, app. 7. While a workers' compensation trial tribunal may well have the authority to sanction counsel or a party for egregious or improper conduct in its court or in discovery practices, this was not the issue that was before the workers' compensation court in this matter. Claimant's attempt to raise it here is misplaced, as well.

¶ 10 Because the lower court failed to follow the clear directives of Workers' Compensation Court Rule 64, it lacked authority to consider Claimant's motion to revoke pursuant to that Rule and make the findings as set forth in Paragraph 1 of its order. Accordingly, Paragraph 1 of the order is vacated in its entirety. This matter is remanded to the Court of Existing Claims with instructions to comply with the procedural requirements of Workers' Compensation Court Rule 64 that Claimant's motion first be presented to the Workers' Compensation Court Administrator.

### CONCLUSION

¶ 11 The lower court committed an error of law by failing to follow the unambiguous requirements of Workers' Compensation Court Rule 64 in its handling of Claimant's motion to revoke. Therefore, Paragraph 1 of the court's order is vacated in its entirety. This matter is remanded with instructions to comply with the procedural requirements of Rule 64 that Claimant's motion first be presented to the Court Administrator. Insurer's motion for oral argument is denied.

¶ 12 VACATED AND REMANDED WITH INSTRUCTIONS.

RAPP, P.J., and BARNES, J., concur.